IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-60-FL

FILED
FEB 0 4 2014
JULIE A. RICHARDS, CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

| | |
|---|---|
| Timothy P. Danehy | ) |
| | ) |
| Plaintiff, | ) |
| | ) COMPLAINT FOR VIOLATIONS |
| v. | ) OF THE FCRA FDCPA AND TCPA |
| | ) |
| JAFFE AND ASHER LLP. *et al.*, | ) |
| William J. Allen *et al.* | ) |
| | ) |
| | ) |
| Defendant's. | ) Trial by Jury Demanded |

## COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

1.  Plaintiff, Timothy P. Danehy, an individual, sues Defendant's JAFFE AND ASHER LLP. And William J. Allen and alleges:

### JURISDICTION

2.  This court has jurisdiction because of specific violations set forth below of 15 U.S.C. § 1692K(d), 15 U.S.C. § 1681p, 47 U.S.C. § 227(g)(2) and 28 U.S.C. § 1331.

### PARTIES

3.  The plaintiff, Timothy P. Danehy, (hereinafter "Plaintiff"), a consumer is a natural person, *sui juris* and resides in Vance County, North Carolina.

4.  Defendant JAFFE AND ASHER LLP., (hereinafter "J&A"), a limited liability partnership registered in the state of New York, is a debt collector with offices at 600 Third Avenue New York, New York 10016.

5. Defendant William J. Allen, (hereinafter "Allen"), is a debt collector working for ALLEN LAW FIRM with offices at 2435 Plantation Center Drive, Suite 205, Matthews, North Carolina 28105.

## VENUE, STANDING AND CAPACITY

6. The occurrences which give rise to this action occurred in Vance County, North Carolina and the Plaintiff resides in Vance County, North Carolina.

7. Venue is proper in the Eastern District of North Carolina Western Division.

8. "Plaintiff" having been damaged has standing with the capacity to sue. All conditions precedent have been met.

## GENERAL ALLEGATIONS

9. "Plaintiff" was sent a dunning letter from "Allen" on February 8th 2013. "Plaintiff" called the alleged creditor and was given a phone number which belonged to "J&A" in New York. When "Plaintiff" called "J&A" his query was forwarded to Allen Law Firm.

10. "Plaintiff" later noticed that "J&A" had made an impermissible pull of "Plaintiff's" personal credit report. "Plaintiff" decided that because there was a nexus between "J&A" and "Allen" he would combine the Federal suits to help save the scarce and precious resources of the court.

11. "J&A" by making an impermissible pull of "Plaintiff's" credit report violated the FCRA and had several FDCPA violations. "Allen" had several FDCPA and TCPA violations.

12.   Plaintiff is now involved in a state case 13CVD322 in Vance county in which "Allen" is the attorney allegedly representing AMERICAN EXPRESS BANK, FSB.

## FACTUAL ALLEGATIONS

13.   On February 5th 2013 "J&A" without "Plaintiff's" consent, upon information and belief, made an impermissible pull of "Plaintiff's" personal consumer credit report from Trans Union in violation of 15 U.S.C. § 1681B(f).

14.   In pulling "Plaintiff's" consumer credit report without "Plaintiff's" consent, "J&A" violated 15 U.S.C. § 1681B(f) and also violated 15 U.S.C. § 1692C(b) by communicating with a third party without "Plaintiff's" consent and 15 U.S.C. § 1692E(10) by using false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. "J&A" deceived the credit reporting agency to get the consumers personal credit report.

15.   On February 8th 2013 Allen Law Firm sent a dunning letter to "Plaintiff" claiming that "Plaintiff" owed AMERICAN EXPRESS BANK, FSB $18,110.28.

16.   "J&A" as of February 10th 2013 was in violation of 15 U.S.C. § 1692G (a)(1-5) because they did not send this required communication to "Plaintiff" within 5 days of their initial communication with consumer. The initial communication was their pulling the "Plaintiffs" personal credit report.

17.   On February 17th 2013 the "Plaintiff" sent "Allen" a Dispute and Demand for Validation letter. This letter included a notice that "Plaintiff" was not to be called in regards to this matter. "Allen" was noticed that any further communications were

3

to be in writing via USPS mail.

18.     "Allen" violated 15 U.S.C. § 1692E(8) because once the debt was disputed he failed to communicate with AMERICAN EXPRESS BANK, FSB and the Credit Reporting Agencies that a disputed debt is disputed.

19.     On March 6th 2013 "Allen" sent "Plaintiff" a letter in violation of 15 U.S.C. § 1692E(11) because the letter failed to disclose in subsequent communications that the communication is from a debt collector.

20.     The March 6th 2013 letter was also a violation of 15 U.S.C. § 1692G (b) because it was continuing to collect a debt before validation of the debt was given to "Plaintiff".

21.     On March 17th 2013 "Plaintiff" replied to "Allen" stating that the debt was not Validated. "Plaintiff" demanded that until validated "Allen" cease and desist in all activities related to the matter.

22.     On March 25th 2013 "Allen" filed a complaint in state court naming AMERICAN EXPRESS BANK, FSB as plaintiff against TIMOTHY P. DANEHY. This action was an additional violation of 15 U.S.C. § 1692G(b) by continuing to collect a debt without validation.

23.     On March 25th 2013 "Allen" by filing the state case violated 15 U.S.C. § 1692E(10) because he filed suit using false representation or deceptive means to collect in that "Allen" was representing "J&A" not AMERICAN EXPRESS.

24.     On March 25th 2013 "Allen" by filing the state case violated 15 U.S.C. §

1692E(2)(A) being that the account number sued on "***********1001" or "account ending 7-71001" is not an account number "Plaintiff" ever had with AMERICAN EXPRESS which was a false representation of the character, amount and legal status of any debt.

25. "Allen" made several calls without "Plaintiff's" express consent to "Plaintiffs" federal Do-Not-Call registered emergency cell phone and home phone upon information and belief, using an automatic telephone dialing capable system in knowing and willful violation of 47 U.S.C. § 227(b)and(c). These calls were knowingly and willfully placed to Tracfone 252-762-5138 on 10/08/13 at or around 3:21pm, 11/20/13 at or around 3:17pm and 12/17/13 at or around 6:32pm and 252-492-0194 on 12/16/13 at or around 3:56pm and 12/17/13 at or around 6:33pm

## COUNT I – ACTION FOR VIOLATION OF THE

## FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681 *et seq.*)

26. This action is for "J&A's" violation of 15 U.S.C. § 1681 *et seq.*, more commonly known as the "Fair Credit Reporting Act", ("FCRA").

27. "Plaintiff" re-alleges and reaffirms the information contained in paragraphs 1 through 23 above as if set forth hereto in full.

28. At all times material hereto, "Plaintiff" was a "consumer" as said term is defined under 15 U.S.C. § 1681A(c).

29. As more particularly described above "J&A" upon information and belief, has

violated the "FCRA" by obtaining "Plaintiff's" Personal Consumer Credit Report without permissible purpose and without "Plaintiff's" consent in violation of 15 U.S.C. § 1681B(f).

30. As a direct and proximate result of the violation of the "FCRA" by "J&A", "Plaintiff" has been damaged. The damages to "Plaintiff" include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation, embarrassment, damage to the credit and credit reputation of "Plaintiff" and denial of credit.

31. Pursuant to 15 U.S.C. § 1681N "Plaintiff" is entitled to recover actual damages, punitive damages as the court may allow and statutory damages of $1,000.00, together with post-judgment interest, court costs and reasonable attorneys fees.

WHEREFORE, Plaintiff, Timothy P. Danehy an individual prays for relief and judgment against Defendant JAFFE AND ASHER LLP. for damages together with costs, attorneys fees and post-judgment interest pursuant to 15 U.S.C. § 1681N and for such other relief as justice may require.

## COUNT II – ACTION FOR VIOLATION OF THE

## FAIR DEBT COLECTION PRACTICES ACT(15 U.S.C. § 1692 *et seq.*)

32. This action is for "J&A's" violations of 15 U.S.C. § 1692 *et seq.*, more commonly known as the "Fair Debt Collection Practices Act", ("FDCPA").

33. "Plaintiff" re-alleges and reaffirms the information contained in paragraphs 1 through 23 above as if set forth hereto in full.

34. At all times material hereto, "Plaintiff" was a "consumer" as said term is defined under 15 U.S.C. § 1692A(3).

35. At all times material hereto, "J&A" was a "debt collector" as said term is defined under 15 U.S.C. § 1692A(6).

36. At all times material hereto, the term "debt" is used as said term is defined by 15 U.S.C. § 1692A(5).

37. At all times material hereto, the term "communication" is used as said term is defined by 15 U.S.C. § 1692A(2).

38. As more particularly described above, "J&A" has violated the "FDCPA" in that "J&A" has:

(a) communication with a third party without "Plaintiff's" consent in contravention of 15 U.S.C. § 1692C(b);

(b) used false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in contravention of 15 U.S.C. § 1692E(10);

(c) failed to: Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing... "J&A's" initial

communication was the pulling of "Plaintiff's" credit report and they failed to send this required communication in contravention of 15 U.S.C. § 1692G (a)(1-5);

    (d) used unfair practices to collect or attempt to collect any debt in contravention of 15 U.S.C. § 1692F(1).

39. As a direct and proximate result of the violation of the "FDCPA" by "J&A" "Plaintiff" has been damaged. The damages of "Plaintiff" include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation, embarrassment and damage to the credit and credit reputation of "Plaintiff".

40. Pursuant to 15 U.S.C. § 1692K "Plaintiff" is entitled to recover actual damages together with statutory damages of $1,000.00, together with court costs, post-judgment interest and reasonable attorneys fees.

WHEREFORE, Plaintiff, Timothy P. Danehy an individual prays for judgment against Defendant JAFFE AND ASHER LLP. for damages together with costs, post-judgment interest and attorneys fees pursuant to 15 U.S.C. § 1692K and for such other relief as justice may require.

## COUNT III – ACTION FOR VIOLATION OF THE
## FAIR DEBT COLECTION PRACTICES ACT(15 U.S.C. § 1692 *et seq.*)

41. This action is for "Allen's" violations of 15 U.S.C. § 1692 *et seq.*, more commonly known as the "Fair Debt Collection Practices Act",("FDCPA").

42. "Plaintiff" re-alleges and reaffirms the information contained in paragraphs

1 through 25 above as if set forth hereto in full.

43. At all times material hereto, "Plaintiff" was a "consumer" as said term is defined under 15 U.S.C. § 1692A(3).

44. At all times material hereto, "Allen" was a "debt collector" as said term is defined under 15 U.S.C. § 1692A(6).

45. At all times material hereto, the AMERICAN EXPRESS BANK, FSB account was a "debt" as said term is defined by 15 U.S.C. § 1692A(5).

46. As more particularly described above, "Allen" violated the "FDCPA" in that he had:

(a) failed to communicate with AMERICAN EXPRESS BANK, FSB and the Credit Reporting Agencies that a disputed debt is disputed in contravention of 15 U.S.C. § 1692E(8);

(b) failed to disclose in subsequent communications that the communication is from a debt collector in contravention of 15 U.S.C. § 1692E(11);

(c) failed to get validation and continued to collect a debt before the validation of the debt was given to "Plaintiff" in contravention of 15 U.S.C. § 1692G(b);

(d) "Allen" filed a complaint in state court naming AMERICAN EXPRESS BANK, FSB as plaintiff against TIMOTHY P. DANEHY in contravention of 15 U.S.C. § 1692G(b);

(e) "Allen" filed suit using false representation or deceptive means to

collect in that "Allen" was representing "J&A" not AMERICAN EXPRESS in contravention of 15 U.S.C. § 1692E(10);

(f) the account number sued on "***********1001" or "account ending 7-71001" is not an account number "Plaintiff" ever had with AMERICAN EXPRESS which was a false representation of the character, amount and legal status of any debt in contravention of 15 U.S.C. § 1692E(2)(A).

47. As a direct and proximate result of the violation of the "FDCPA" by "Allen" "Plaintiff" has been damaged. The damages of "Plaintiff" include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation, embarrassment and damage to the credit and credit reputation of "Plaintiff".

48. Pursuant to 15 U.S.C. § 1692K "Plaintiff" is entitled to recover actual damages together with statutory damages of $1,000.00 from "Allen" , together with court costs, post-judgment interest and reasonable attorneys fees.

WHEREFORE, Plaintiff, Timothy P. Danehy an individual prays for judgment against Defendant William J. Allen for damages together with court costs, post-judgment interest and attorneys fees pursuant to 15 U.S.C. § 1692K and for such other relief as justice may require.

## COUNT IV – ACTION FOR VIOLATION OF THE

## TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *et seq.*

49. This action is for "Allen's" violations of 47 U.S.C. 227, *et seq.*, more

commonly known as the "Telephone Consumer Protection Act" ("TCPA").

50. As more particularly described above, "Allen" has violated the "TCPA" in that "Allen" has:

(a) Upon information and belief, made several calls without "Plaintiff's" express consent to "Plaintiffs" federal Do-Not-Call registered emergency cell phone and home phone using an automatic telephone dialing capable system in knowing and willful violation of 47 U.S.C. § 227(b)and(c);

(b) knowingly and willfully placed a call to cell# 252-762-5138 on 10/08/13 at or around 3:21pm;

(c) knowingly and willfully placed a call to cell# 252-762-5138 on 11/20/13 at or around 3:17pm;

(d) knowingly and willfully placed a call to cell# 252-762-5138 on 12/17/13 at or around 6:32pm.

(e) knowingly and willfully placed a call to home# 252-492-0194 on 12/16/13 at or around 3:56pm.

(f) knowingly and willfully placed a call to home# 252-492-0194 on 12/17/13 at or around 6:33pm.

51. These calls damaged the "Plaintiff" by violating "Plaintiff's" right to privacy, "Plaintiff's" right to enjoy his family and dinner without interruption and additionally cost "Plaintiff" money.

52. "Plaintiff" is entitled to damages in the amount of $500.00 for each call and

these damages may be trebled if they were knowing or willful violations under 47 U.S.C. § 227 (b) or (c).

WHEREFORE, Plaintiff, Timothy P. Danehy an individual prays for judgment against Defendant William J. Allen for damages including post-judgment interest together with court costs pursuant to 47 U.S.C. § 227 (b) and/or (c) and for such other relief as justice may require.

## DEMAND FOR TRIAL BY JURY

53. Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

_____
Timothy P. Danehy
555 Julian Smith Rd.
Henderson, NC 27537
(252) 492-0194
Mail: P.O. Box 301
Kittrell, NC 27544-0301
nonovation@yahoo.com
Pro Se