IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No.5:_14_-CV-_60_-FL

**FILED**

APR 2 1 2014

JULIE A. RICHARDS, CLERK
US DISTRICT COURT, EDNC
BY_____DEP CLK

| | |
|---|---|
| TIMOTHY P. DANEHY | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) **PLAINTIFF'S FIRST AMENDED** |
| | ) **COMPLAINT** |
| JAFFE AND ASHER LLP. *et al.*, | ) |
| LAWRENCE M. NESSENSON and | ) |
| WILLIAM J. ALLEN *et al.* | ) |
| | ) |
| | ) |
| Defendant's | ) |

---

## COMPLAINT

1.     Plaintiff, Timothy P. Danehy, an individual, sues Defendant's JAFFE AND

ASHER LLP., LAWRENCE M. NESSENSON and WILLIAM J. ALLEN and alleges:

## JURISDICTION

2.     This court has jurisdiction because of specific violations set forth below of 15

USC § 1692k(d), 15 USC § 1681p, 47 USC § 227(g)(2) and 28 USC § 1331.

## PARTIES

3.     The plaintiff, Timothy P. Danehy, (hereinafter "Plaintiff"), is a consumer and

a natural person, that resides in Vance County, North Carolina.

4.     Defendant JAFFE AND ASHER LLP., (hereinafter "J&A"), is a debt collector

limited liability partnership registered in the state of New York, with offices at 600 Third Avenue New York, New York 10016.

5.    Defendant LAWRENCE M. NESSENSON, (hereinafter "Nessenson"), is a debt collector working for JAFFE AND ASHER LLP. with offices at 600 Third Avenue New York, New York 10016.

6.    Defendant WILLIAM J. ALLEN, (hereinafter "Allen"), is a debt collector working for ALLEN LAW FIRM with offices at 2435 Plantation Center Drive, Suite 205, Matthews, North Carolina 28105.

## VENUE, STANDING AND CAPACITY

7.    The occurrences which give rise to this action occurred in Vance County, North Carolina and the Plaintiff resides in Vance County, North Carolina.

8.    Venue is proper in the Eastern District of North Carolina Western Division.

9.    "Plaintiff" having been damaged has standing and capacity to sue. All conditions precedent have been either met or waived.

## STATEMENT OF CLAIM

10.    This claim is an action for relief and money damages to remedy the violations of "Plaintiff"'s rights. Including but not limited to the "Plaintiff"'s right to privacy and the right to be secure in his person, papers and effects. "J&A", "Nessenson" and "Allen" violated "Plaintiff"'s rights numerous times under the FDCPA, "J&A" also violated "Plaintiff"'s rights under FCRA and "Allen" violated "Plaintiff"'s rights under TCPA. The FDCPA, FCRA and TCPA all provide for a consumer remedy and

relief which the "Plaintiff" seeks.

## GENERAL ALLEGATIONS

11.     "Plaintiff" was sent a dunning letter from "Allen" on February 8th 2013. "Plaintiff" called the alleged creditor and was given a phone number which belonged to "J&A" in New York. When "Plaintiff" called "J&A" his query was forwarded to Allen Law Firm.

12.     "Plaintiff", while reviewing his personal credit report via Trans Union noticed that "J&A" had made an impermissible pull of "Plaintiff" personal credit report. "Plaintiff" decided that because there was a nexus between "J&A" and "Allen" he would combine the Federal suits to help save the scarce and precious resources of the court.

13.     "J&A" by making a willful or negligent impermissible pull of "Plaintiff" credit report and failing to notify "Plaintiff" that the report was used in an adverse action against "Plaintiff" failed to comply with the FCRA and additionally "J&A" had several FDCPA violations. "Allen's" actions brought about several FDCPA and TCPA violations and "Nessenson", through his actions and omissions, failed to comply with the FDCPA.

14.     Plaintiff is now involved in a state case 13CVD322 in Vance County NC in which "Allen" is the attorney allegedly representing AMERICAN EXPRESS BANK, FSB.

## FACTUAL ALLEGATIONS

15.     "Plaintiff" alleges that on February 5th 2013 an individual or individuals (to be discovered) working for and on behalf of "J&A", without "Plaintiff's" consent, used false deceptive and misleading representation to access "Plaintiff"s personal credit report. Through the deceptive action of using an improper account ending in 7-71001 (see affidavit of "Plaintiff" filed with the original complaint) the individual or individuals working for and on behalf of "J&A" failed to comply with 15 USC § 1692e and 15 USC § 1681b(f) which gained them impermissible access to "Plaintiff"s personal credit report.

16.     When "J&A" received "Plaintiff"s personal credit report and the statement of user's responsibilities from Trans Union, "J&A" was then bound to the duty required by the statement of user's responsibilities. "J&A" was required by the statement of user's responsibilities to certify to Trans Union the permissible purpose it was using the personal credit report for and "J&A" was to notify the consumer if any adverse action was taken against the consumer. "Plaintiff" has never received any notice from "J&A" of the adverse action "J&A" took against "Plaintiff" and upon information and belief, "J&A" breached their duty to properly certify their permissible purpose to Trans Union for their use of "Plaintiff"s personal credit report. "J&A"s breech of its required duties was a failure to comply with FCRA.

17.    By pulling "Plaintiff"'s consumer credit report without "Plaintiff"'s consent, "J&A" not only failed to comply with 15 USC § 1681b(f) and also failed to comply with 15 USC § 1692c(b) by communicating with a third party without "Plaintiff"'s consent and also failed to comply with 15 USC § 1692e(10)[1] by using false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. "J&A" deceived the credit reporting agency using a nonexistent account number to get the "Plaintiff"'s personal credit report.

18.    On February 8th 2013 Allen Law Firm sent a dunning letter, signed by "Allen", to "Plaintiff" claiming that "Plaintiff" owed AMERICAN EXPRESS BANK, FSB $18,110.28.

19.    "J&A" as of February 10th 2013 failed to comply with of 15 USC § 1692g(a)(1-5) because they did not send the required communication to "Plaintiff" within 5 days of their initial communication with consumer. The initial communication[2] with "Plaintiff" was "J&A"'s request of the "Plaintiff"'s personal credit report.

20.    On February 17th 2013 the "Plaintiff" sent "Allen" via USPS certified mail #70111570000119096976 a Dispute and Demand for Validation letter. This letter included a notice that "Plaintiff" was not to be called in regards to this matter.

---

[1] 15 USC § 1692e(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
[2] 15 USC § 1692a(2) The term "***communication***" means the conveying of information regarding a debt directly or indirectly to any person through any medium.

"Allen" was noticed that any further communications were to be in writing via USPS mail. See attached exhibit "A". The solicitation calls "Allen" made that failed to comply with TCPA also failed to comply with 15 USC § 1692c(c).

21. Upon information and belief, "Allen" failed to comply with 15 USC § 1692e(8)[3] because once the debt was disputed by "Plaintiff" "Allen" failed to communicate with AMERICAN EXPRESS BANK, FSB and the Credit Reporting Agencies that a disputed debt is disputed.

22. On March 6th 2013 "Allen" sent "Plaintiff" a letter, signed by "Allen", which failed to comply with 15 USC § 1692e(11)[4] because the letter failed to disclose in subsequent communications that the communication is from a debt collector. See attached exhibit "B".

23. The March 6th 2013 letter also failed to comply with 15 USC § 1692g(b)[5]

---

[3] 15 USC § 1692e(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, *__including the failure to communicate that a disputed debt is disputed__*.

[4] 15 USC § 1692e(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, *__and the failure to disclose in subsequent communications that the communication is from a debt collector__*, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

[5] 15 USC § 1692g(b) **Disputed debts**
If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, *__the debt collector shall cease collection of the debt__*, or any disputed portion thereof, *__until the debt collector obtains verification of the debt__* or a copy of a judgment, or the name and address of the original creditor, *__and a copy of such verification__* or judgment, or name and address of

because "Allen" was continuing to collect a debt before validation of the debt was given to "Plaintiff". To date "Plaintiff" has received neither validation of the debt from "Allen" nor a **copy of the verification of the debt** which "Allen" was required to obtain **from the alleged creditor and mail to consumer.**

24.     On March 17th 2013 "Plaintiff" replied via USPS certified mail #70122920000063182661 to "Allen" stating that the debt was not validated. "Plaintiff" demanded that until validated "Allen" cease and desist in all activities related to the matter. See attached exhibit "C".

25.     On March 25th 2013 "Allen" signed and filed a complaint in state court naming AMERICAN EXPRESS BANK, FSB as plaintiff against TIMOTHY P. DANEHY. This action was an additional failure to comply with 15 USC § 1692g(b)[6]

---

the original creditor*, is mailed to the consumer by the debt collector*. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

[6] 15 USC § 1692g(b) **Disputed debts**
If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, *__the debt collector shall cease collection of the debt__*, or any disputed portion thereof, *__until the debt collector obtains verification of the debt__* or a copy of a judgment, or the name and address of the original creditor, *__and a copy of such verification__* or judgment, or name and address of the original creditor*, is mailed to the consumer by the debt collector*. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer

because "Allen" was continuing to collect a debt before a **copy of the verification of the debt** which "Allen" was required to obtain **from the alleged creditor** was mailed to "Plaintiff".

26.     On March 25th 2013 "Allen" by signing and filing the state case failed to comply with 15 USC § 1692e(10)[7] because he filed suit using false representation or deceptive means to collect in that upon information and belief "Allen" was representing "J&A" and had no contract to represent AMERICAN EXPRESS BANK FSB.

27.     On March 25th 2013 "Allen" by signing and filing the state case failed to comply with 15 USC § 1692e(2)(A)[8] being that the account number sued on "***********1001" or "account ending 7-71001" is not an account number "Plaintiff" ever had with AMERICAN EXPRESS BANK FSB which was a false representation of the character, amount and legal status of any debt.

28.     "Plaintiff" further alleges upon information and belief that "Allen" made several nonemergency solicitation calls without "Plaintiff"'s express consent to

_____

requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

[7] 15 USC § 1692e(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
[8] 15 USC § 1692e (2) The false representation of—
(A) the character, amount, or legal status of any debt; or

Case 5:14-cv-00060-FL   Document 6   Filed 04/21/14   Page 8 of 22

"Plaintiff"'s national Do-Not-Call list registered cell phone using an automatic telephone dialing capable system in willful or knowing violation of 47 USC § 227(b)and(c). These calls were willfully or knowingly placed to Tracfone 252-762-5138 on 10/08/13 at or around 3:21pm, 11/20/13 at or around 3:17pm, 11/20/13 at or around 3:21pm and 12/17/13 at or around 6:32pm. When "Plaintiff" answered these calls there was a hesitation before "Allen" came on the line.

29.    On or about March 21st 2014 "Nessenson" made his first contact with "Plaintiff" by calling "Plaintiff" phone number 252-492-0194. In this initial communication "Nessenson" failed to state that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose as required by 15 USC § 1692e(11)[9].

30.    On April 4, 2014 "Nessenson" sent a written communication to "Plaintiff" that failed to comply with 15 USC § 1692e(11)[10] by failing to disclose in subsequent

---

[9] 15 USC § 1692e(11) The failure to disclose in the initial written communication with the consumer and, in addition, *if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose*, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

[10] 15 USC § 1692e(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the *failure to disclose in subsequent communications that the communication is from a debt collector,* except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

communications that the communication is from a debt collector. See attached exhibit D.

## COUNT I – ACTION FOR VIOLATION OF THE

## FAIR CREDIT REPORTING ACT (15 USC § 1681 *et seq.*)

## BY DEFENDANT JAFFE AND ASHER LLP.

31.     This action is for "J&A"'s willful violation of 15 USC § 1681 *et seq.*, more commonly known as the "Fair Credit Reporting Act", ("FCRA").

32.     "Plaintiff" re-alleges and reaffirms the information contained in paragraphs 1 through 30 above as if fully set forth hereto.

33.     At all times material hereto, "Plaintiff" was a "consumer" as said term is defined under 15 USC § 1681a(c).

34.     As more particularly described above "J&A" upon information and belief, has willfully failed to comply with the "FCRA" by obtaining "Plaintiff"'s Personal Consumer Credit Report without permissible purpose and without "Plaintiff"'s consent in violation of 15 USC § 1681b(f).

35.     As a direct and proximate result of the violation of the "FCRA" by "J&A", "Plaintiff" has been damaged. The damages to "Plaintiff " include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation, embarrassment, damage to the credit and credit reputation of "Plaintiff" and denial of credit.

36.     Pursuant to 15 USC § 1681n "Plaintiff" is entitled to recover, actual damages,

punitive damages as the court may allow and statutory damages of $1,000.00, together with post-judgment interest, court costs and reasonable attorney's fees.

37.     WHEREFORE, Plaintiff, Timothy P. Danehy an individual prays for relief and judgment against Defendant JAFFE AND ASHER LLP. for actual damages, statutory damages, and  punitive damages as the court may allow together with costs, attorney's fees and post-judgment interest pursuant to  15 USC § 1681n and for such other relief as justice may require.


## COUNT II – ACTION FOR VIOLATION OF THE
## FAIR CREDIT REPORTING ACT (15 USC § 1681 *et seq.*)
## BY DEFENDANT JAFFE AND ASHER LLP.

38.     This action is for "J&A'"s negligent violation of 15 USC § 1681 *et seq.*, more commonly known as the "Fair Credit Reporting Act", ("FCRA").

39.     "Plaintiff" re-alleges and reaffirms the information contained in paragraphs 1 through 30 above as if fully set forth hereto.

40.     At all times material hereto, "Plaintiff" was a "consumer" as said term is defined under 15 USC § 1681a(c).

41.     As more particularly described above "J&A" upon information and belief, has negligently failed to comply with the "FCRA" by obtaining "Plaintiff"'s Personal Consumer Credit Report without permissible purpose and without "Plaintiff"'s consent in violation of 15 USC § 1681b(f).

42.     As a direct and proximate result of the violation of the "FCRA" by "J&A", "Plaintiff" has been damaged. The damages to "Plaintiff " include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation, embarrassment, damage to the credit and credit reputation of "Plaintiff" and denial of credit.

43.     Pursuant to 15 USC § 1681o "Plaintiff" is entitled to recover, actual damages, together with post-judgment interest, court costs and reasonable attorney's fees.

44.     WHEREFORE, Plaintiff, Timothy P. Danehy an individual prays for relief and judgment against Defendant JAFFE AND ASHER LLP. for actual damages, together with costs, attorney's fees and post-judgment interest pursuant to 15 USC § 1681o and for such other relief as justice may require.


## COUNT III – ACTION FOR VIOLATION OF THE

## FAIR DEBT COLECTION PRACTICES ACT(15 USC § 1692 *et seq.)*

## BY DEFENDANT JAFFE AND ASHER LLP.

45.     This action is for "J&A"'s violations of 15 USC § 1692 *et seq.,* more commonly known as the "Fair Debt Collection Practices Act", ("FDCPA").

46.     "Plaintiff" re-alleges and reaffirms the information contained in paragraphs 1 through 30 above as if fully set forth hereto.

47.     At all times material hereto, "Plaintiff" was a "consumer" as said term is

defined under the "FDCPA" 15 USC § 1692a(3).

48. At all times material hereto, "J&A" was a "debt collector" as said term is defined under 15 USC § 1692a(6).

49. At all times material hereto, the term "debt" is used as said term is defined by 15 USC § 1692a(5).

50. At all times material hereto, the term "communication" is used as said term is defined by 15 USC § 1692a(2).

51. In regards to "J&A"'s violations of the "FDCPA" "Plaintiff" is a consumer within the meaning of the "FDCPA"

52. The alleged Debt in question was a consumer debt for personal family or household purposes.

53. Defendant "J&A" is a Debt Collector within the meaning of the "FDCPA" who collects debt as an ordinary part of its business practices and ordinarily collects debts on behalf of others.

54. As more particularly described above, "J&A" has failed to comply with the "FDCPA" in that "J&A" has:

(a) by pulling "Plaintiff"'s personal credit report, made communication with a third party without "Plaintiff"'s consent in contravention of 15 USC § 1692c(b);

(b) by pulling "Plaintiff"'s personal credit report, "J&A" used false representation or deceptive means to collect or attempt to collect any debt or to

obtain information concerning a consumer in contravention of 15 USC § 1692e(10);

(c) failed to: Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing... "J&A" initial communication was the pulling of "Plaintiff"'s credit report and "J&A" failed to send this required communication in contravention of 15 USC § 1692g (a)(1-5);

(d) "J&A" by pulling "Plaintiff"'s personal credit report, used unfair practices to collect or attempt to collect any debt in contravention of 15 USC § 1692f(1).

55.     As a direct and proximate result of the violation of the "FDCPA" by "J&A" "Plaintiff" has been damaged. The damages of "Plaintiff" include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation, embarrassment and damage to the credit and credit reputation of "Plaintiff".

56.     Pursuant to 15 USC § 1692k "Plaintiff" is entitled to recover actual damages including any amount of judgment awarded in state case 13CVD322 in Vance County NC and statutory damages of $1,000.00 from Defendant "J&A" , together with court costs, post-judgment interest and reasonable attorney's fees.

57.     WHEREFORE, Plaintiff, Timothy P. Danehy an individual prays for relief and judgment against Defendant JAFFE AND ASHER LLP. for statutory damages and damages in any amount of judgment awarded in state case 13CVD322

mentioned in paragraph 14 above together with costs, post-judgment interest and any attorney's fees pursuant to 15 USC § 1692k and for such other relief as justice may require.

## COUNT IV – ACTION FOR VIOLATION OF THE

## FAIR DEBT COLECTION PRACTICES ACT(15 USC § 1692 *et seq.)*

## BY DEFENDANT WILLIAM J. ALLEN

58.　This action is for "Allen's" violations of 15 USC § 1692 *et seq.,* more commonly known as the "Fair Debt Collection Practices Act", ("FDCPA").

59.　"Plaintiff" re-alleges and reaffirms the information contained in paragraphs 1 through 30 above as if set forth hereto in full.

60.　At all times material hereto, "Plaintiff" was a "consumer" as said term is defined under 15 USC § 1692a(3).

61.　At all times material hereto, "Allen" was a "debt collector" as said term is defined under 15 USC § 1692a(6).

62.　At all times material hereto, the term "debt" is used as said term is defined by 15 USC § 1692a(5).

63.　At all times material hereto, the alleged AMERICAN EXPRESS BANK, FSB account was a "debt" as said term is defined by 15 USC § 1692a(5).

64.　In regards to "Allen's" violations of the "FDCPA" "Plaintiff" is a consumer within the meaning of the "FDCPA"

65.　The alleged debt in question was a consumer debt for personal family or

household purposes.

66.     Defendant "Allen" is a Debt Collector within the meaning of the "FDCPA"
who collects debt as an ordinary part of his business practices and ordinarily
collects debts on behalf of others.

67.     As more particularly described above, "Allen" failed to comply with the
"FDCPA" in that he had:

(a) failed to communicate with AMERICAN EXPRESS BANK, FSB
and the Credit Reporting Agencies that a disputed debt is disputed in contravention
of 15 USC § 1692e(8);

(b) failed to disclose in subsequent communications that the
communication is from a debt collector in contravention of 15 USC § 1692e(11);

(c) failed to get validation and continued to collect a debt before the
validation of the debt was given to "Plaintiff" in contravention of 15 USC § 1692g(b);

(d) "Allen" continued to collect a debt by filing a complaint in state
court naming AMERICAN EXPRESS BANK, FSB as plaintiff against TIMOTHY P.
DANEHY in contravention of 15 USC § 1692g(b);

(e) "Allen" filed suit using false representation or deceptive means to
collect in that "Allen" was representing "J&A" not AMERICAN EXPRESS in
contravention of 15 USC § 1692e(10);

(f) the account number sued on "***********1001" or "account ending
7-71001" is not an account number "Plaintiff" ever had with AMERICAN EXPRESS

which was a false representation of the character, amount and legal status of any debt in contravention of 15 USC § 1692e(2)(A).

68.    As a direct and proximate result of the violation of the "FDCPA" by "Allen" "Plaintiff" has been damaged. The damages of "Plaintiff" include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation, embarrassment and damage to the credit and credit reputation of "Plaintiff".

69.    Pursuant to 15 USC § 1692k "Plaintiff" is entitled to recover actual damages including any amount of judgment awarded in state case 13CVD322 in Vance County NC mentioned in paragraph 14 above and statutory damages of $1,000.00 from Defendant "Allen" , together with court costs, post-judgment interest and reasonable attorney's fees.

70.    WHEREFORE, Plaintiff, Timothy P. Danehy an individual prays for relief and judgment against Defendant William J. Allen for statutory damages and damages in any amount of judgment awarded in state case 13CVD322 mentioned in paragraph 14 above together with court costs, post-judgment interest and attorney's fees pursuant to 15 USC § 1692k and for such other relief as justice may require.

## COUNT V – ACTION FOR VIOLATION OF THE
## TELEPHONE CONSUMER PROTECTION ACT 47 USC § 227 *et seq.*
## BY DEFENDANT WILLIAM J. ALLEN

71.    This action is for "Allen's" willful or knowing violations of 47 USC 227, *et seq.*,

more commonly known as the "Telephone Consumer Protection Act" ("TCPA").

72. "Plaintiff" re-alleges and reaffirms the information contained in paragraphs 1 through 30 above as if set forth hereto in full.

73. As more particularly described above, "Allen" has failed to comply with the "TCPA" in that "Allen" has:

(a) Upon information and belief, made several solicitation calls without "Plaintiff" express consent to "Plaintiffs" cell phone # 252-762-5138 using automatic telephone dialing capable equipment that has the capacity to dial phone numbers automatically without human intervention in willful or knowing violation of 47 USC § 227(b)(1)(A)(iii);

(b) willfully or knowingly placed a call to cell# 252-762-5138 on 10/08/13 at or around 3:21pm;

(c) willfully or knowingly placed a call to cell# 252-762-5138 on 11/20/13 at or around 3:17pm;

(d) willfully or knowingly placed a call to cell# 252-762-5138 on 11/20/13 at or around 3:21pm;

(e) willfully or knowingly placed a call to cell# 252-762-5138 on 12/17/13 at or around 6:32pm.

74. These calls damaged the "Plaintiff" by violating "Plaintiff" right to privacy, "Plaintiff's" right to enjoy his family and dinner without interruption and

additionally cost "Plaintiff" money.

75.    "Plaintiff" is entitled to damages in the amount of $500.00 for each call and these damages may be trebled if they were knowing or willful violations under 47 USC § 227 (b)(3).

76.    WHEREFORE, Plaintiff, Timothy P. Danehy an individual prays for relief and judgment against Defendant William J. Allen for damages including post-judgment interest together with court costs pursuant to 47 USC § 227 (b)(3) and for such other relief as justice may require.

## COUNT VI – ACTION FOR VIOLATION OF THE
## FAIR DEBT COLECTION PRACTICES ACT(15 USC § 1692 *et seq.)*
## BY DEFENDANT LAWRENCE M. NESSENSON

77.    This action is for "Nessenson'"s violations of 15 USC § 1692 *et seq.,* more commonly known as the "Fair Debt Collection Practices Act", ("FDCPA").

78.    "Plaintiff" re-alleges and reaffirms the information contained in paragraphs 1 through 30 above as if set forth hereto in full.

79.    At all times material hereto, "Plaintiff" was a "consumer" as said term is defined under the "FDCPA" 15 USC § 1692a(3).

80.    At all times material hereto, "Nessenson" was a "debt collector" as said term is defined under 15 USC § 1692a(6).

81.    At all times material hereto, the term "debt" is used as said term is defined

by 15 USC § 1692a(5).

82.   At all times material hereto, the term "communication" is used as said term is defined by 15 USC § 1692a(2).

83.   In regards to "Nessenson" violations of the "FDCPA" "Plaintiff" is a consumer within the meaning of the "FDCPA"

84.   The alleged Debt in question was a consumer debt for personal family or household purposes.

85.   Defendant "Nessenson" is a Debt Collector within the meaning of the "FDCPA" who collects debt as an ordinary part of its business practices and ordinarily collects debts on behalf of others.

86.   As more particularly described above, "Nessenson" has failed to comply with the "FDCPA" in that "Nessenson" has:

(a)   made his first contact with plaintiff by calling "Plaintiff"'s phone number 252-492-0194. In this initial communication "Nessenson" failed to state that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose as required by 15 USC § 1692e(11).

(b)   sent a written communication to "Plaintiff" that failed to comply with 15 USC § 1692e(11) by failing to disclose in subsequent communications that the communication is from a debt collector.

87.   As a direct and proximate result of the violation of the "FDCPA" by "Nessenson" "Plaintiff" has been damaged. The damages of "Plaintiff" include but

are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation, embarrassment and damage to the credit and credit reputation of "Plaintiff".

88.     Pursuant to 15 USC § 1692k "Plaintiff" is entitled to recover actual damages including any amount of judgment awarded in state case 13CVD322 in Vance County NC mentioned in paragraph 14 above and statutory damages of $1,000.00 from Defendant "Nessenson", together with court costs, post-judgment interest and reasonable attorney's fees.

89.     WHEREFORE, Plaintiff, Timothy P. Danehy an individual prays for relief and judgment against Defendant LAWRENCE M. NESSENSON for statutory damages and damages in any amount of judgment awarded in state case 13CVD322 mentioned in paragraph 14 above together with court costs, post-judgment interest and attorney's fees pursuant to 15 USC § 1692k and for such other relief as justice may require.


## DEMAND FOR TRIAL BY JURY

90.     Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

**CERTIFICATE OF SERVICE**

I, Timothy P. Danehy, certify that I have this day served the Defendants in the foregoing

matter with a copy of this foregoing Amended Complaint by depositing in the United

States Mail a copy of the same in a properly addressed envelope with adequate postage

thereon, in the manner prescribed by FRCP rule 5 addressed to the following:


JAFFE AND ASHER LLC.
600 Third Ave.
New York, NY 10016

And

WILLIAM J. ALLEN
C/o ALLEN LAW FIRM
2435 Plantation Center Drive
Suite 205
Matthews, NC 28105

LAWRENCE M. NESSENSON
c/o JAFFE AND ASHER LLC.
600 Third Ave.
New York, NY 10016


Signed:

Timothy P. Danehy
555 Julian Smith Rd.
Henderson, NC 27537
(252) 492-0194
Mail: P.O. Box 301
Kittrell, NC 27544-0301
nonovation@yahoo.com
Pro Se