UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:14-CV-60-FL

| | |
|---|---|
| TIMOTHY P. DANEHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **DEFENDANTS' MEMORANDUM IN** |
| ) | **SUPPORT OF MOTION TO DISMISS** |
| JAFFE & ASHER, LLP and WILLIAM ) | |
| J. ALLEN ) | |
| ) | |
| Defendants. ) | |
| ) | |

## Preliminary Statement

Defendants, Jaffe & Asher LLP ("J&A"), Lawrence M. Nessenson ("Nessenson"), and William J. Allen ("Allen"), submit this memorandum of law in support of their motion for an Order pursuant to Fed. R. Civ. P. 12(b)(6) dismissing the amended complaint of plaintiff Timothy P. Danehy ("Danehy" or "plaintiff") for failure to state a claim upon which relief can be granted. In addition, Nessenson seeks dismissal of the amended complaint pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. For the reasons set forth below, the instant motion should be granted in its entirety.

J&A, based in New York, New York, and its local counsel, Allen, based in Mathews, North Carolina, are attorney-debt collectors who are presently involved in the collection of a credit card debt owed by Danehy to American Express Bank FSB ("American Express"). Allen, through the Allen Law Firm, has commenced a state court civil action against Danehy to collect the debt (the "State Court Action").

1

Danehy has separately commenced the instant action against J&A, Nessenson, and Allen. His amended complaint alleges purported violations of the Fair Credit Reporting Act ("FCRA"), the Fair Debt Collection Practices Act ("FDCPA"), and the Telephone Consumer Protection Act ("TCPA").

Counts I and II of the amended complaint incorrectly allege that J&A intentionally (Count I) or negligently (Count II) violated the FCRA by obtaining Danehy's personal consumer credit report without a permissible purpose. However, as demonstrated at Point I below, the FCRA expressly permits a debt collector to obtain a copy of a consumer credit report in connection with the collection of a debt, which is precisely what J&A did. Accordingly, there was no FCRA violation. As such, Counts I and II of the amended complaint fail to state a claim upon which relief can be granted, and are subject to dismissal as a matter of law.

Count III of the amended complaint incorrectly alleges that J&A violated the FDCPA. This claim is also predicated upon the contention that J&A obtained Dehany's consumer credit report for an impermissible purpose. According to the amended complaint, the pulling of Danehy's credit report:

(a) constituted an improper communication with a third party under 15 U.S.C. §1692c;

(b) constituted use of a false representation or deceptive means to collect a debt under 15 U.S.C. §1692e;

(c) triggered a statutory obligation on the part of J&A to send Danehy written notice under 15 U.S.C. §1692g; and

(d) constituted use of an unfair practice to collect a debt under 15 U.S.C. §1692f .

However, as demonstrated at Point II below, J&A's pulling of Danehy's credit report was fully permissible under the FCRA (and therefore neither false, misleading, or an unfair practice)

2

for the reasons set forth in Point I.  Moreover, the statute is clear that the alleged credit pull did not constitute a prohibited communication with a third party under the FDCPA.  Furthermore, case law is clear that the alleged credit pull did not constitute a communication with a consumer which would trigger an obligation to provide written notice under the FDCPA.   Accordingly, there was no FDCPA violation.  As such, Count III of the amended complaint fails to state a claim upon which relief can be granted, and is subject to dismissal as a matter of law.

Count IV of the amended complaint incorrectly alleges that Allen violated the FDCPA.  According to the amended complaint, Allen:

(a) failed to inform American Express and the Credit Reporting Agencies that he disputed the debt, in supposed violation of 15 U.S.C. § 1692E(8);

(b) failed to disclose in subsequent communications to Danehy that Allen is a debt collector, in supposed violation of 15 U.S.C. § 1692E(11);

(c) failed to validate the debt and continued collection efforts, in supposed violation of 15 U.S.C. § 1692G(b);

(d) filed a complaint against Danehy in state court, in supposed violation of 15 U.S.C. § 1692G(b);

(e) filed suit using false representation or deceptive means to collect because Allen is supposedly representing J&A, and not American Express, in supposed violation of 15 U.S.C. § 1692E(10); and

(f)  falsely represented the character, amount and legal status of the debt because the account number sued on ***********1001 or account ending 7-71001 is supposedly not Danehy's account number.

However, as demonstrated at Point IV below, each of these claims must fail as a matter of law. This is because:

    i.    Allen had no affirmative duty to inform any person or entity that the debt was disputed.

    ii.    Danehy's contention that Allen did not state that he is a debt collector in subsequent communications is belied by the very letter referenced in the amended complaint.

    iii.    The very same letter also makes it clear that Allen properly validated the debt.

    iv.    There was nothing improper about Allen's commencement of the State Court Action since the debt had been properly validated.

    v.    Allen was at all times acting on behalf of American Express, not J&A.

    vi.    Allen's account number was properly redacted for privacy purposes.

For all of these reasons, there was no FDCPA violation. As such, Count IV of the amended complaint is subject to dismissal as a matter of law.

Count V of the amended complaint incorrectly alleges that Allen violated the TCPA. However, as demonstrated at Point IV below, since Allen does not possess an auto-dialer, the claim also fails and is subject to dismissal as a matter of law.

Count VI of the amended complaint incorrectly alleges that Nessenson violated the FDCPA. According to the amended complaint, Nessenson: (a) called plaintiff on March 21, 2014 without stating that he was a debt collector attempting to collect a debt; and (b) sent a written communication to plaintiff that failed to disclose in subsequent communications that the communication is from a debt collector.

However, as demonstrated at Point V below, the claims against Nessenson fail as a matter of law. First, the amended complaint is totally devoid of any allegation that Nessenson's

4

telephone call to the plaintiff was for the purpose of collecting a debt. The amended complaint merely makes the bald allegation that Nessenson telephoned the plaintiff. Indeed, the reason that Nessenson called the plaintiff was because the plaintiff had commenced the instant action against J & A and Nessenson merely asked the plaintiff for an extension of time to answer or otherwise move with respect to the original complaint on behalf of the firm. Second, the written communication that Nessenson sent to the plaintiff did in fact contain the required FDCPA disclosure. And, in any event, as demonstrated at Point VI below, Nessenson's contacts with North Carolina are insufficient for the Court to exercise jurisdiction over Nessenson personally.

### The Facts

Because this is a pre-answer motion to dismiss, the facts as alleged in the amended complaint control. However, two documents referred to in the amended complaint, namely the March 6, 2013 letter from Allen to the plaintiff, and the complaint in the State Court Action, may also be considered by the Court.[1] The March 6, 2013 letter is attached to the amended complaint, and the complaint in the State Court Acton is attached to the accompanying Declaration of William J. Allen dated May 5, 2014. Moreover, the accompanying Declaration of Lawrence M. Nessenson dated May 5, 2014 attests to his lack of contacts with this jurisdiction.

The relevant facts, for purposes of this motion to dismiss, are as follows:

- J&A is a debt collector. (See Amended Complaint at ¶ 4.)

- Allen is a debt collector. (See Amended Complaint at ¶ 5.)

- Nessenson is a debt collector. (See Amended Complaint at ¶ 5.)

---

[1] See Secretary of State For Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007)('We may consider documents attached to the complaint, see Fed.R.Civ.P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic"); Plymouth County Retirement Ass'n v. Primo Water Corp., 966 F.Supp.2d 525, 536 (M.D.N.C. 2013).

5

- Danehy was sent a dunning letter from Allen on February 8th 2013. (See Amended Complaint at ¶ 11.)

- In response to calling American Express, he was given a phone number which belonged to J&A. (See Amended Complaint at ¶ 11.)

- When he called J&A, his query was forwarded to J&A's local counsel, the Allen Law Firm. (See Amended Complaint at ¶ 9.)

- Danehy noticed that J&A had made a pull of his personal credit report. (See Amended Complaint at ¶ 12.)

- By making an "impermissible" pull of Danehy's credit report, J&A violated the FCRA. (See Amended Complaint at ¶ 13, 34, 41.)

- Danehy is a defendant in the State Court Action pending in Vance County in which Allen is the attorney for American Express. (See Amended Complaint at ¶ 25.)

- J&A, as of February 10, 2013, was in violation of 15 U.S.C. § 1692 because it did not send the statutorily required communication to Allen within 5 days of its initial communication with a consumer, which was purportedly the date on which the credit report was pulled. (See Amended Complaint at ¶ 19, 54.)

- On February 17, 2013, Danehy sent Allen a "Dispute and Demand for Validation" letter. (See Amended Complaint at ¶ 20.)

- Allen purportedly violated 15 U.S.C. § 1692E(8) because he "failed to communicate with AMERICAN EXPRESS BANK, FSB and the Credit Reporting Agencies that a disputed debt is disputed." (See Amended Complaint at ¶ 21, 67.)

- On March 6, 2013 Allen sent Danehy a letter that was purportedly in violation of 15 U.S.C. § 1692E(11) "because the letter failed to disclose in subsequent communications that the communication is from a debt collector." (See Amended Complaint at ¶ 22.)

- The March 6, 2013 letter was also purportedly in violation of 15 U.S.C. § 1692G(b) "because it was continuing to collect a debt before validation of the debt was given to" Danehy. (See Amended Complaint at ¶ 23, 67.)

- The March 6, 2013 letter clearly states: "*This letter is an attempt to collect a debt and any information obtained will be used for this purpose*." (See Amended Complaint at Exhibit B.) (Emphasis supplied.)

- The March 6, 2013 letter clearly states: "*In response to your request for verification of the debt, we provide you the following information: Creditor name: American Express Bank, FSB, Creditor Address: P.O. Box 650448, Dallas, TX 75265-0448 Name of Debtor: Timothy P. Danehy Debtor Address:555 Julian Smith Road, Henderson, NC 27537 Amount due: 18,110.28.*" (See Amended Complaint at Exhibit B.) (Emphasis supplied.)

- The State Court Action was commenced on March 25, 2013 and was purportedly "an additional violation of 15 U.S.C. § 1692G(b) by continuing to collect a debt without validation." (See Amended Complaint at ¶ 25, 67.)

- The State Court Action also purportedly violated 15 U.S.C. § 1692E(10) because it constituted the use of "false representation or deceptive means to collect in that Allen was representing "J&A" not AMERICAN EXPRESS." (See Amended Complaint at ¶ 26, 67.)

- The State Court Action also purportedly violated 15 U.S.C. § 1692E(2)(A) being that the account number sued on "***********1001" or "account ending 7-71001" is not an account number "Plaintiff' ever had with AMERICAN EXPRESS which was a false

7

representation of the character, amount and legal status of any debt. (See Amended Complaint at ¶ 27, 67.)

- Allen purportedly made several calls without Danehy's express consent to Danehy's federal Do-Not-Call registered emergency cell phone and home phone "upon information and belief, using an automatic telephone dialing capable system in knowing and willful violation of 47 U.S.C. § 227(b)and(c)." (See Amended Complaint at ¶ 28, 73.)

- On or about March 21, 2014, Nessenson called Danehy and failed to state that he was a debt collector attempting to collect a debt. (See Amended Complaint at ¶ 29, 86.)

- Nowhere in the Amended Complaint is it alleged that Nessenson communicated with Danehy about any debt owed by Danehy.

- On April 4, 2014, Nessenson sent Danehy a written communication that failed to state that he was a debt collector attempting to collect a debt. (See Amended Complaint at ¶ 30, 86.)

- The April 4, 2014 communication clearly states: **"This is an attempt to collect a debt and any information obtained from you will be used for that purpose. Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days from your receipt of this letter, the debt will be assumed to be valid by us. If you notify the undersigned in writing within thirty (30) days from your receipt of this letter that the debt or any portion of it is disputed, we will obtain verification of the debt or of a judgment against you, and a copy of such verification or judgment will be mailed to you. Upon your written request within thirty (30) days from your receipt of this letter, we will provide you with the name and address of the original creditor, if different from the current creditor."** (See Amended Complaint at Exhibit D.)

8

- Nessenson is not admitted to practice law in North Carolina, has never been to North Carolina, and J&A has no offices in North Carolina. (See Nessenson Declaration at ¶ 3.)

- Nessenson's sole contacts with the plaintiff consist of two telephone calls and the April 4, 2014 letter. (See Nessenson Declaration at ¶ 5, 6.)

## ARGUMENT

Rule 12(b)(6) protects against meritless litigation by requiring sufficient factual allegations "to raise a right to relief above the speculative level." Plymouth County Retirement Ass'n v. Primo Water Corp., 966 F.Supp.2d at 538. Thus, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." Caplin v. TranS1, Inc., 2013 WL 5309743 *5 (E.D.N.C. Sep 19, 2013).

Moreover, "[n]otwithstanding the court's obligation to liberally construe a *pro se* plaintiff's allegations . . . the court is not required to accept a *pro se* plaintiffs contentions as true, and cannot ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court." Johnson v. BAC Home Loans Servicing, LP, 867 F.Supp.2d 766, 776 (E.D.N.C. 2011)(dismissing FDCPA claim).

When viewing the amended complaint against the foregoing backdrop, and in applying the settled law to the facts as alleged by Danehy, this Court cannot ignore the plaintiff's utter failure to state a cognizable legal claim against both defendants under the FCRA, FDCPA or TCPA. Accordingly, dismissal of the amended complaint in its entirety is fully warranted.

# I

## COUNTS I AND II FAIL TO SATE A VIABLE FCRA CLAIM AGAINST J&A

Danehy's FCRA claim against J&A must be dismissed as a matter of law because J&A had a permissible purpose for pulling his credit report: namely, the collection of a debt.

15 U.S.C.A. § 1681b provides in pertinent part:

Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following circumstances and no other:

(3) To a person which it has reason to believe--

(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review *or collection* of an account of, the consumer. . . .

(Emphasis supplied.)

Based upon the plain and unambiguous language of the above quoted statute, Courts have unanimously held that no cause of action will lie against a debt collector who pulls a consumer credit report in connection with the collection of a debt. See Huertas v. Galaxy Asset Management, 641 F.3d 28, 34 (3d Cir. 2011)(the statute expressly permits distribution of a consumer report to an entity that "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer"); Cooper v. Pressler & Pressler, LLP, 912 F. Supp.2d 178 (D.N.J. 2012)(same); McNall v. Credit Bureau of Josephine County, 689 F. Supp.2d 1265, 1273 (D. Or. 2010) ("plaintiffs offer no evidence that defendant's intent in requesting the credit report was for a purpose other than collecting a debt which is a permissible purpose under section 1681b(a)(3)(A)"); Shah v. Collecto, Inc., 2005 WL 2216242, at *12 (D. Md. Sept.12, 2005) (collection agency permissibly obtained credit report to pursue debt collection against plaintiff); Korotki v. Attorney Services Corp. Inc., 931 F. Supp.

1269 (D. Md.1996), aff'd, 131 F.3d 135 (4th Cir. 1997), cert. denied, 118 S. Ct. 1797, 523 U.S. 1118 (1998)(holding that law firm, attorney, and company who acquired developer's credit report to obtain alternate address at which to serve developer with legal papers had permissible purpose and thus, they did not violate FCRA); Perretta v. Capital Acquisitions & Management Co., 2003 WL 21383757 (N.D. Cal. May 05, 2003) (NO. C-02-05561 RMW)(holding that debt collector obtained debtor's consumer report in connection with an effort to collect a debt and thus did not violate FCRA).

Here, the amended complaint plainly alleges that Danehy was being pursued for the collection of a debt. The amended complaint is devoid of any allegation that Danehy's credit report was pulled for any purpose other than to collect a debt.

Counts I and II of the amended complaint are therefore based entirely upon the incorrect premise that J&A pulled Danehy's credit report impermissibly, which is simply not the case. Accordingly, there was no FCRA violation, intentional or negligent, nor could there be under any conceivable set of facts or circumstances.

As such, Counts I and II of the amended complaint fail to state a claim upon which relief can be granted. Therefore, Counts I and II are subject to dismissal as a matter of law.

## II

### COUNT III FAILS TO STATE A VIABLE FDCPA CLAIM AGAINST J&A

Danehy's FDCPA claim against J&A must also be dismissed as a matter of law because: (a) J&A had a permissible purpose to pull his credit report for the reasons stated at Point I above; and (b) pulling Danehy's credit report was neither a prohibited third party communication, nor an initial communication with a consumer under the statute.

15 U.S.C.A. § 1692c(b) expressly provides as follows:

(b) Communication with third parties

Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, ***a consumer reporting agency if otherwise permitted by law***, the creditor, the attorney of the creditor, or the attorney of the debt collector.

(Emphasis supplied.) Thus, pulling Danehy's credit report was not a prohibited third party communication under the FDCPA as a matter of law.

Moreover, the pulling of a credit report by a debt collector does not constitute an initial communication with a consumer. See Robinson v. TSYS Total Debt Management, Inc., 447 F. Supp.2d 502, 508-509 (D. Md. 2006)(holding that plaintiff's claim that an initial communication under the FDCPA occurred —'when Defendant communicated the debt to Plaintiff's credit report'—cannot support a claim under the FDCPA because it is not a communication with a consumer'").

In light of the foregoing, Danehy cannot state a viable claim against J&A for violation of the FDCPA. Accordingly, Count III of the amended complaint is subject to dismissal as a matter of law.

III

**COUNT IV FAILS TO SATE A VIABLE FDCPA CLAIM AGAINST ALLEN**

A. **There was no violation of 15 USC 1692e(8):**

The amended complaint alleges that Allen violated 15 USC 1692e(8) "because once the debt was disputed he failed to communicate with American Express Bank, FSB and the Credit Reporting Agencies that a disputed debt is disputed." (See Amended Complaint at ¶ 21.) However, there was no duty to do so as a matter of law.

It is well settled that: "A debt collector does not have an affirmative duty to notify CRAs that a consumer disputes the ***debt unless the debt collector knows of the dispute and elects to report to a CRA***." Llewellyn v. Allstate Home Loans, Inc., 711 F.3d 1173 (10th Cir. 2013). (Emphasis supplied.)  See also Jacques v. Solomon & Solomon P. C., 2012 U.S. Dist. LEXIS 118092, * 11 (D.Del.2012) ("The duty to report a debt under [Section 1692e(8) ] arises only if one elects to report credit information"); Donatelli v. Warmbrodt, 2011 U.S. Dist. LEXIS 69207, *27–28 (W.D.Pa.2011) ("There is no authority to support the proposition that a debt collector must inform the credit reporting agency that the consumer disputes the debt") (citation omitted); Edeh v. Aargon Collection Agency, LLC, 2011 U.S. Dist. LEXIS 79160, *11 (D.Minn.2011) ("when a debt collector learns that a debt is disputed only after the collector has reported the debt to the credit reporting agencies, the collector has no affirmative obligation to report the dispute"); Benson v. Med–Rev Recoveries, Inc. (In re Benson), 445 B.R. 445, 449–50 (Bankr.E.D.Pa.2010) ("Plaintiff's premise is that a disputation of a debt after such debt is reported by a consumer reporting agency creates a duty on the entity that informed or furnished such information to the agency to update the credit report to reflect that such debt is disputed. This is incorrect...."); Black v. Asset Acceptance, LLC, 2005 U.S. Dist. LEXIS 43264, *13 (N.D.Ga.2005) ("only if a debt collector reports a consumer debt to a credit bureau under Section 1692e(8) must he then also report that debt as disputed").

Here, there is no allegation that Allen had any affirmative communication.  Rather, the amended complaint alleges that Allen ***failed*** to communicate.  (See Amended Complaint at ¶ 18, 46.)  However, since there was no such affirmative duty under the FDCPA (or any other statute), there can be no viable claim for the alleged failure to communicate.

**B. <u>There was no violation of 15 USC 1692e(11):</u>**

13

The amended complaint's allegation that the March 6, 2013 letter "failed to disclose in subsequent communications that the communication is from a debt collector" (see Amended Complaint at ¶ 19, 46) is refuted by documentary evidence. The March 6, 2013 letter clearly states: "***This letter is an attempt to collect a debt and any information obtained will be used for this purpose***." (See Amended Complaint at Exhibit B.) (Emphasis supplied.)

### C. There was no violation of 15 USC 1692g(b):

The allegation that Allen did not validate the debt is also refuted by the March 6, 2013 letter, which stated: "***In response to your request for verification of the debt, we provide you the following information: Creditor name: American Express Bank, FSB, Creditor Address: P.O. Box 650448, Dallas, TX 75265-0448 Name of Debtor: Timothy P. Danehy Debtor Address:555 Julian Smith Road, Henderson, NC 27537 Amount due: 18,110.28.***" (See Amended Complaint at Exhibit B.) (Emphasis supplied.)

Sufficient validation was given in the March 6, 2013 letter because Allen provided the creditor name, creditor address, name of debtor, address of debtor, and amount due. See Clark v. Capital Credit & Collection Services, Inc., 460 F.3d 1162, 1173-74 (9th Cir.2006)("[a]t the minimum, 'verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed'"); Chaudhry v. Gallerizzo, 174 F.3d 394, 406 (4th Cir.1999)("There is no concomitant obligation to forward copies of bills or other detailed evidence of the debt").

Since sufficient validation was given, any continued efforts to collect the debt, including the commencement of the State Court Action, were proper.

#### D. There was no violation of 15 USC 1692e(10):

Allen properly sued in the name of American Express Bank, FSB. As set forth in the March 6, 2013 letter, American Express Bank, FSB – not J&A – is the creditor. (See Declaration of William J. Allen at ¶ 4.) Accordingly, there was no deceptive practice in this regard.

#### E. There was no violation of 15 USC 1692e(2):

Allen's account number is correct. The amended complaint merely alleges that only the partial account was disclosed. The account number was merely redacted to preserve the confidentiality of his personal information.

### IV

### COUNT V FAILS TO SATE A VIABLE TCPA CLAIM AGAINST ALLEN

The TCPA does not apply to telephone systems that do not have the capacity to randomly or sequentially generate telephone numbers to be stored, produced, or called. See, e.g., Gragg v. Orange Cab Co., Inc., 2014 WL 494862 (W.D. Wash. Feb 07, 2014)("The evidence demonstrates that defendants' integrated system is not an ATDS but is in fact a limited setup which relies on human intervention"). Allen does not have such a system. (See Declaration of William J. Allen at ¶ 5.) Accordingly, Danehy's TCPA claim must fail.

### V

### COUNT VI FAILS TO SATE A VIABLE FDCPA CLAIM AGAINST NESSENSON

Count VI of the amended complaint is purportedly predicated upon: (a) a single telephone call wherein it is alleged that Nessenson committed an FDCPA violation by failing to identify himself to the plaintiff as a debt collector and informing him that any information obtained would be used for the purpose of collecting a debt; and (b) a written communication that allegedly failed to do the same as well.

As to the telephone call, the amended complaint does not allege that it was made for the purposes of collecting a debt or that Nessenson ever made any demand for payment. In fact, the amended complaint alleges nothing whatsoever about the substance of the call.

15 U.S.C.A. § 1692a plainly states that: "The term 'communication' means the conveying of information ***regarding a debt*** directly or indirectly to any person through any medium. (Emphasis supplied.)

Courts have held that the requirement of 15 U.S.C.A. § 1692e(11) – to disclose in the initial communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and in subsequent communications that the same is from a debt collector – <u>does not apply to communications unrelated to the debt</u>. See <u>Bailey v. Security Nat'l Servicing Corp.</u>, 154 F.3d 384, 388 (7th Cir.1998) ("[F]or a communication to be in connection with the collection of a debt, an animating purpose of the communication must be to induce payment by the debtor"); <u>Marx v. General Revenue Corp</u>., 668 F.3d 1174, 81 Fed.R.Serv.3d 479 (10th Cir. 2011)(holding that facsimile sent to consumer by collector, which merely sought to verify consumer's employment status, was not a "communication" under FDCPA); <u>Grden v. Leikin Ingber & Winters PC</u>, 643 F.3d 169, 173 (6th Cir.2011) (holding that statements were merely a ministerial response to a debtor inquiry, and thus not a "communication" under the FDCPA); <u>Horkey v. J.V.D.B. & Assocs., Inc.</u>, 179 F.Supp.2d 861, 868 (N.D.Ill.2002) (finding no violation of § 1692c(b) when debt collector's conversation with debtor's co-worker "was merely limited to inquiring as to Plaintiff's whereabouts").

Here, the amended complaint fails to plead any facts by which it could be inferred that Nessenson's telephone call was in connection with the collection of a debt. In fact, the phone

call was made to the plaintiff in response to the instant action and concerned a request for an extension of time to answer or otherwise move to the original complaint. Having failed to plead any facts to support that the alleged phone call was a "communication" within the FDCPA definition of that term, dismissal is mandatory as a matter of law.

As to the written communication, it is attached as Exhibit D to the amended complaint. As previously noted, that communication conclusively refutes the amended complaint's allegation that Nessenson failed to include the required statutory language. It clearly states that the communication is for the purpose of collecting a debt.

## VI

## THE COURT LACKS PERSONAL JURISDICTION OVER NESSENSON

Nessenson is not subject to personal jurisdiction in North Carolina. (See Nessenson Declaration at ¶6.) He is not admitted to practice in North Carolina. (See Nessenson Declaration at ¶ 3.) He has never been to North Carolina. (See Nessenson Declaration at ¶6.) His only contacts with the plaintiff consist of two telephone calls to the plaintiff related to the instant action and a protective follow-up letter that did not even seek the collection of a debt. (See Nessenson Declaration at ¶6.)

This case is remarkably similar to Krambeer v. Eisenberg, 923 F. Supp. 1170 (D. Minn. 1996). In that case, a Minnesota resident who had received debt collection letter from a nonresident attorney practicing in Connecticut brought suit against the attorney under the FDCPA. The attorney moved to dismiss, inter alia, for lack of personal jurisdiction. The court held that: (1) telephone calls which the attorney made into the forum in response to plaintiff's lawsuit could not be considered in deciding whether attorney had sufficient minimum contacts with Minnesota to satisfy due process, and (2) a single debt collection letter which the attorney

mailed to plaintiff at her home in Minnesota was not sufficient to permit the court to exercise personal jurisdiction. Accordingly, the complaint was dismissed for lack of personal jurisdiction.

The instant case presents an even more compelling case for dismissal. Here, not only were Nessenson's communications related to this lawsuit, as opposed to the plaintiff's debt, but the letter sent by Nessenson to plaintiff was not even a debt collection letter. It did not reference any debt. It did not demand payment of any debt. It merely contained the standard statutory disclosure that Nessenson is a debt collector. Accordingly, Nessenson's contacts with this jurisdiction are insufficient as a matter of law to give rise to personal jurisdiction. See also RBC Bank (USA) v. Hedesh, 827 F.Supp.2d 525 (E.D.N.C. 2011)(holding that South Carolina attorneys were not subject to personal jurisdiction in North Carolina where attorneys resided in South Carolina and were licensed to practice law in South Carolina, properties in question were in South Carolina, closings were conducted in South Carolina, and attorneys had no offices or employees in North Carolina).

Moreover, Nessenson cannot be subject to personal jurisdiction in North Carolina simply by virtue of his status as a partner of J&A absent direct minimum contacts with this jurisdiction. See Sher v. Johnson, 911 F.2d 1357, 1363 n. 3 (9th Cir.1990) (concluding that while the district court had personal jurisdiction over out-of-state law firm, it did not have jurisdiction over partner thereof, where the partner lacked sufficient contacts with the forum state); Kowalski v. Doherty, Wallace, Pillsbury & Murphy, Attorneys at Law, 787 F.2d 7 (1st Cir. 1986)(New Hampshire lacked jurisdiction over malpractice suit against Massachusetts attorneys where only contact was former client's place of residence); Mayes v. Leipziger, 674 F.2d 178, 183–85 (2d Cir.1992) (finding no personal jurisdiction in New York of California law firm who represented New York

client from California); Austad Co. v. Pennie & Edmonds, 823 F.2d 223, 226–27 (8th Cir.1987) (finding no personal jurisdiction over New York law firm in South Dakota where firm represented South Dakota business in Maryland patent litigation).

Accordingly, the amended complaint is subject to dismissal against Nessenson pursuant to Fed. R. Civ. P. 12(b)(4).

## **CONCLUSION**

Based upon the foregoing reasons, defendants' motion should be granted, and the amended complaint should be dismissed with prejudice in its entirety.

Dated: May 5, 2014

                                         Respectfully submitted,

                                         /s/ William J. Allen
                                         William J. Allen
                                         Attorney for Defendants
                                         North Carolina State Bar No. 24916
                                         William J. Allen P.A.
                                         2435 Plantation Center Drive, Suite 205
                                         Matthews, North Carolina, 28105
                                         Tel: (704)847-1390
                                         Fax: (704) 847-1452
                                         ballen@allenatlaw.com