UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:14-CV-60-FL

| | |
|---|---|
| TIMOTHY P. DANEHY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JAFFE & ASHER, LLP and WILLIAM )<br>J. ALLEN )<br>)<br>Defendants. )<br>) | DECLARATION OF LAWRENCE M.<br>NESSENSON IN SUPPORT OF<br>DEFENDANTS' MOTION TO DISMISS |

Lawrence M. Nessenson declares, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I submit this declaration in support of Defendants' motion to dismiss.

2. I am a Defendant in the instant action and at all times relevant to the Plaintiff's complaint was an attorney representing American Express Bank, FSB.

3. I am the Managing Partner of the New York law firm Jaffe & Asher LLP, a Defendant herein. I am admitted only in New York State. Jaffe & Asher has no offices in North Carolina and I have never personally been to North Carolina. Without any person at Jaffe & Asher having any contact with Plaintiff, Jaffe & Asher LLP referred American Express' claims against Plaintiff to its North Carolina local counsel, defendant William Allen, for handling.

4. Our North Carolina local counsel, Defendant William Allen, commenced suit against Plaintiff for unpaid American Express charges in March of 2013. Almost a year later, in February 2013, Plaintiff filed the instant FDCPA action, naming Jaffe & Asher as a Defendant, even though we had had no contact with him.

5. Due to the instant action being filed naming Jaffe & Asher LLP as a defendant, I

1

contacted the Plaintiff to discuss the instant FDCPA action. In particular, since the Summons and Complaint was only mailed, not personally served, I wished to discuss a time frame for our response to the Complaint. I then sent Plaintiff a proposed stipulation regarding our time to respond, which he did not agree to. Plaintiff subsequently called me on April 4, 2014, at which time I discussed settlement of both the FDCPA claim and the underlying American Express debt with him, not just the instant FDCPA action. For that reason, I sent him a letter on April 4, 2014 containing FDCPA disclosures, but I did not seek to collect any debt in that letter. In reward for my efforts to discuss the instant action with the Plaintiff and at the same time carefully comply with the FDCPA, I was then named personally as a Defendant.

6. I do not personally engage in debt collection, or other, activities in North Carolina although others at Jaffe & Asher do from time to time make calls or send letters to North Carolina. Except for the above described limited contacts regarding the instant action, I do not personally place calls or send letters to North Carolina, and I have never set foot in North Carolina. The only reason I had contact with North Carolina, is that Jaffe & Asher was sued in North Carolina by Plaintiff, which was the first time Jaffe & Asher LLP has ever been sued in North Carolina. Since my responsibilities as managing partner of Jaffe & Asher LLP includes supervising the defense of suits against the firm, I had a unique contact with North Carolina limited to the above. This is insufficient to warrant the exercise of personal jurisdiction over me in North Carolina.

Dated: May , 2014

Respectfully submitted,

Lawrence M. Nessenson

2

Case 5:14-cv-00060-FL   Document 15   Filed 05/05/14   Page 2 of 2