IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5: 14 -CV- 60 -FL

TIMOTHY P. DANEHY )
)
)
Plaintiff, )
)
v. ) PLAINTIFF'S MEMORANDUM IN
) OPPOSITION OF DEFENDANT'S
) MOTION TO DISMISS
)
JAFFE AND ASHER LLP. *et al.*, )
LAWRENCE M. NESSENSON and )
WILLIAM J. ALLEN *et al.* )
)
)
Defendant's )

    The claims brought forth by the Plaintiff in this case arise from JAFFE AND ASHER LLP, WILLIAM J. ALLEN and LAWRENCE M. NESSENSON (collectively "Defendants") actions, methods and behavior in the collection of an alleged consumer debt. Plaintiff's first amended complaint (docket no. 6) states facts and alleges actions taken by the defendant's which failed to comply with provisions of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§1681 *et. seq.*, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.§§1692 *et. seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C.§§227 *et. seq.*

    Plaintiff opposes Defendant's motion to dismiss pursuant to F.R.C.P.12(b)(4) and(6), and in the interest of justice plaintiff moves the court to deny the

1

defendant's motion. In rebuttal of the Defendant's Motion Plaintiff states as follows:

### Rebuttal of Defendant's Preliminary Statement

Plaintiff put forth substantial effort to present pertinent facts, pled in a plausible manner, to rise above mere speculation. After reviewing Plaintiff's first amended complaint (docket no. 6) Plaintiff now sees some mistakes in his pleadings but the amended complaint does properly state several claims upon which relief can be granted. In regards to personal jurisdiction over Nessenson, although plaintiff made a mistake in how he plead his allegations against Nessenson. If given leave to amend plaintiff can and will plead with sufficiency to show specific jurisdiction over Nessenson. For the reasons set forth in the rebuttal to follow, defendant's motion should be denied in its entirety.

¶2 pg.1 of defendant's preliminary statement states, "J&A, based in New York, New York, and its local counsel, Allen, based in Matthews, North Carolina, are attorney-debt collectors who are presently involved in the collection of a credit card debt owed by Danehy to American Express bank FSB ("American Express")." This statement gives rise to the question who is "Allen" working for "J&A" or American Express bank FSB. Plaintiff believes this is why "J&A" and "Allen" are trying to collect on an account number Plaintiff never had with American Express. Is American Express Bank FSB involved at all with this alleged consumer debt.

¶2 pg.2 defendant states, "Counts I and II of the amended complaint incorrectly allege that "J&A" *intentionally* (Count I) or negligently (Count II)

2

violated the FCRA by obtaining Danny's personal consumer credit report without a permissible purpose." This is incorrect ¶31 of the amended complaint states *"**willful violation**"*and ¶34 states *"**willfully failed to comply**"*. Defendant then states, "However, as demonstrated at Point I below, the FCRA expressly permits a debt collector to obtain a copy of a consumer credit report in connection with the ***collection of a debt***, which is precisely what J&A did." This statement by defendant is incorrect. 15 U.S.C.§1681b(a)(3)(A) states in part, "...***or collection of an account...***", and here lies the problem. If, "J&A" used account number \*\*\*\*\*\*\*\*\*\*\*1001 or account ending 7-71001 account numbers that plaintiff never had with American Express, (see affidavit filed with the original complaint), [plaintiff understands that the redaction is required and is not arguing about the redaction], under what account did "J&A" have permissible purpose through 15 U.S.C.§1681b(a)(3)(A)? As such, there was an FCRA violation and Counts I and II of the amended complaint state a claim upon which relief can be granted, and are not subject to dismissal as a matter of law. This important fact is relevant in several allegations in the amended complaint.

¶3 pg.2 in rebuttal to defendant's preliminary statement concerning Count 3 of the amended complaint: impermissible purpose to pull the consumer credit report was addressed in plaintiff's previous paragraph. Therefore, in regards to defendant's statement;

"(a) constituted an improper communication with a third party under 15 U. S.

3

C. §1692c". Under 15 U.S.C. §1692c(b)[1] Plaintiff never gave "J&A" prior consent to access plaintiff's consumer credit report.

"(b) Constituted use of a false representation or deceptive means to collect a debt under 15 U.S.C. §1692e;". Under 15 U.S.C. §1692e(10)[2] "J&A" use of an invalid account number was a false representation or defective means to collect a debt.

"(c) Triggered a statutory obligation on part of J&A to send Danehy written notice under 15 U.S.C. §1692g;". Under definitions 15 U.S.C. §1692a(2)[3] this was a communication. Additionally it was the first communication "J&A" had with plaintiff. Plaintiff saw the credit pull on his consumer credit report. Being the first communication with plaintiff 15 U.S.C. §1692g(a)(1-5)[4] becomes relevant. Whether

---

[1] 15 U.S.C. §1692c(b) **Communication with third parties**
***Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector,*** or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, ***a consumer reporting agency if otherwise permitted by law,*** the creditor, the attorney of the creditor, or the attorney of the debt collector (emphasis added).
[2] 15 U.S.C. §1692e(10) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
[3] 15 U.S.C. §1692a (2) The term "communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium.
[4] 15 U.S.C. §1692g(a) **Notice of debt; contents**
Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
(1) the amount of the debt;

4

"J&A" had a permissible purpose or not to pull plaintiff's credit report the action was a first communication with plaintiff under the "FDCPA".

"(d) Constituted use of an unfair practice to collect a debt under 15 U.S.C. §1692f". Under 15 U.S.C. §1692f(1)[5] using an invalid account number is an unfair or unconscionable means to collect or attempt to collect a debt.
As such, Count III of the amended complaint states several claims upon which relief can be granted, and is not subject to dismissal as a matter of law.

¶1 pg.3 defendant references "Allen's" FDCPA violations "a" through "f" in Count IV of plaintiff's amended complaint. In ¶1 pg.4 defendant states, "However, as demonstrated at Point IV below, each of these claims must fail as a matter of law. This is because:

---

(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

[5] 15 U.S.C. §1692f A *debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt* (emphasis added). Without limiting the general application of the foregoing, the following conduct is a violation of this section:
(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt *or permitted by law* (emphasis added).

5

i. Allen had no affirmative duty to inform any person or entity that the debt was disputed." Danehy's contention that Allen did not state that he is a debt collector in subsequent communications is belied by the very letter referenced in the amended complaint.

ii. Danehy's contention that Allen did not state that he is a debt collector in subsequent communications is belied by the very letter referenced in the amended complaint.

iii. The very same letter makes it clear that Allen properly validated the debt.

iv. There was nothing improper about Allen's commencement of the state court action since the debt had been properly validated.

v. Allen was at all times acting on behalf of American Express, not J&A.

vi. Allen's account number was properly redacted for privacy purposes."

In rebuttal to Allen's assertions in points i through vi plaintiff states the following:

1. As required under 15 U.S.C. §1692e(8)[6] who did "Allen" communicate with, that the debt was disputed? Under this section he was

---

[6] 15 U.S.C. §1692e false or misleading representations.
A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, ***including the failure to communicate that a disputed debt is disputed*** (emphasis added).

6

obligated to notify his alleged principal, American Express, which would obligate American Express to notify the Credit Reporting Agency of the dispute. Plaintiff saw no such notations from American Express or Allen on future credit reports.

2. In looking at exhibit B as attached to amended complaint plaintiff cannot find the words "debt collector" anywhere. 15 U.S.C. §1692e(11)[7] clearly states that, the debt collector must disclose in subsequent communications that the communication is from a debt collector.

---

[7] 15 U.S.C. §1692e false or misleading representations.
A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, *and the failure to disclose in subsequent communications that the communication is from a debt collector* (emphasis added), except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

7

3. Under 15 U.S.C. §1692g(a)(4)[8] and 1692g(b)[9] the debt collector is required to obtain verification of the debt and mail a **copy of <u>that verification</u> to the consumer**. The March 6, 2013 letter, exhibit B as attached to the amended complaint, only references verification. It is not a copy of <u>the verification obtained from the creditor</u>. Plaintiff never requested verification from Allen. Plaintiff demanded validation of the debt. What was provided in Allen's communication does not constitute validation by any means either under UCC, NCGS §25 or other statutes.

---

[8] 15 U.S. Code § 1692g - Validation of debts
(a)(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, ***the debt collector will obtain verification of the debt*** or a copy of a judgment against the consumer ***and a copy of such verification*** or judgment ***will be mailed to the consumer by the debt collector*** (emphasis added); and


[9] 15 U.S. Code § 1692g(b) **Disputed debts**
If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, ***until the debt collector obtains verification of the debt*** or a copy of a judgment, or the name and address of the original creditor, ***and a copy of such verification*** or judgment, or name and address of the original creditor, ***is mailed to the consumer by the debt collector*** (emphasis added). Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

8

4. Same as previous response to number 3.

5. Plaintiff has never seen any proof of agency from American Express or "J&A" regarding "Allen". In the initial Dunning letter from "Allen" dated February 8, 2013 it is not clear who is claimed to be owed "Allen" or American Express. Furthermore ¶2 pg. 1 states "Allen" is "J&A" local counsel.

6. As stated earlier account number ***********1001 or account ending 7-71001 account numbers that plaintiff never had with American Express, (see affidavit filed with the original complaint), plaintiff understands that the redaction is required and is not arguing about the redaction. As shown in the affidavit attached to the original complaint these are invalid account numbers.

Plaintiff notes that defendant **did not state** that Count IV fails to state a claim upon which relief can be granted, and therefore should not be dismissed as a matter of law.

¶2 pg.4 in reference to Count V defendant states, "Count V of the amended complaint incorrectly alleges that Allen violated the TCPA. However, as demonstrated at Point IV below, since Allen does not possess and auto-dialer, the claim also fails and is subject to dismissal as a matter of law." ¶28 of plaintiff's amended complaint clearly and plausibly states facts that show "Allen's" failure to comply with 47 U.S.C. §227(b) and (c). The number called is registered with the national

9

do-not-call list. Plaintiff has reason to believe that "Allen" did use ATDS capable equipment as stated in the amended complaint. Additionally, exhibit a of amended complaint, clearly states that the plaintiff is not to be called and that any further communications is to be through the US mail. All of the calls that violated the TCPA were also in violation of 15 U.S.C. 1692c(c)[10] because "Allen" was notified in writing not to call and that all further communications had to be in writing through the US mail.

¶3 pg. 4 defendant states, "Count VI of the amended complaint incorrectly alleges that Nessenson violated the FDCPA. According to the amended complaint, Nessenson: (a) called plaintiff on March 21, 2014 without stating that he was a debt collector attempting to collect a debt; and (b) sent a written communication to plaintiff that failed to disclose in subsequent communications that the communication is from a debt collector."

"However, as demonstrated at Point V below, the claims against Nessenson fail as a matter of law. First, the amended complaint is totally devoid of any allegation that Nessenson's telephone call to the plaintiff was for the purpose of collecting

---

[10]15 U.S. Code § 1692c - Communication in connection with debt collection
(c) Ceasing communication
If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that *the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt* (emphasis added), except—

10

a debt. The amended complaint merely makes the bald allegation that Nessenson telephoned the plaintiff. Indeed, the reason that Nessenson called the plaintiff was because the plaintiff had commenced the instant action against J&A and Nessenson merely asked the plaintiff for an extension of time to answer or otherwise move with respect to the original complaint on behalf of the firm. Second, the written communication that Nessenson sent to the plaintiff did in fact contain the required FDCPA disclosure. And, in any event, as demonstrated at Point VI below, Nessenson's contacts with North Carolina are insufficient for the court to exercise jurisdiction over Nessenson personally."

As stated in ¶29 of plaintiff's amended complaint Nessenson failed to state that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose as required by 15 U.S.C. 1692e(11)[11].

¶30 of the amended complaint refers to exhibit D attached to the amended complaint, a subsequent written communication from Nessenson that does not state that the communication is from a debt collector as required by 15 U.S.C. §1692e(11)[12]

---

[11] 15 U.S.C. 1692e(11) ) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, *that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose* (emphasis added), and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.
[12] 15 U.S.C. §1692e false or misleading representations.
A debt collector may not use any false, deceptive, or misleading representation or means in

11

Plaintiff admitted earlier he made mistakes in how he plead allegations against Nessenson. . If given leave to amend plaintiff can and will plead with sufficiency to give the Court specific jurisdiction over Nessenson.

To further clarify the matter plaintiff states:, On March 20, 2014, Nessenson called plaintiff's home answering machine at 5:02pm and 6:21pm and left a message to have plaintiff return Nessenson's call to discuss this instant action and the American Express debt. Additionally plaintiff received 4 emails from Nessenson the second of which, dated March 28, 2014, included the sentence, ***"Both Mr. Allen and I remain available to discuss resolution of this matter and of your American Express account balance, when you are ready."***. The plaintiff talked to Nessenson on several occasions by phone. In at least two of the phone conversations Nessenson discussed the alleged American Express debt.

### Plaintiff's Facts

- J&A's a debt collector. (See Amended Complaint at ¶ 4.)

---

connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, <u>*and the failure to disclose in subsequent communications that the communication is from a debt collector*</u> (emphasis added), except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

- Allen is a debt collector. (See Amended Complaint at ¶ *6*.) (*not in or different than defendant's)*
- Nessenson is a debt collector. (See Amended Complaint at ¶ 5.)
- *Plaintiff* was sent a Dunning letter from Allen on February 8, 2013. (See Amended Complaint at ¶ 11.)
- In response to calling American Express, *Plaintiff* was given a phone number which belonged to J&A. (See Amended Complaint at ¶ 11.)
- When *Plaintiff* called J&A, his query was forwarded to J&A's local counsel, the Allen law firm. (See Amended Complaint at ¶ *11*.)
- Plaintiff noticed that J&A had made a pull of his Trans Union personal credit report. (See Amended Complaint at ¶ 12.)
- By making an "impermissible" pull of *Plaintiff's* credit report *and failing to notify plaintiff that the report was used in an adverse action against plaintiff*, J&A violated the FCRA. (See Amended Complaint at ¶ 13, 34, 41.)
- *Plaintiff* is a defendant in the state court action pending in Vance County in which Alan is the attorney *allegedly representing* American Express. (See Amended Complaint at ¶ *14,* 25.)
- *An individual working for "J&A", without plaintiff's consent, accessed plaintiff's personal credit report using an improper account*

- *number which violated the FDCPA and FCRA. (See Amended Complaint at ¶ 15.)*
- *Under Trans Union's statement of user's responsibilities J&A had the duty to certify to Trans Union the permissible purpose it was using the personal credit report for and to notify the consumer if any adverse action was taken against the consumer which the plaintiff never received. (See Amended Complaint at ¶ 16.)*
- *J&A communicated with a third party without plaintiff's consent to obtain information concerning a consumer. (See Amended Complaint at ¶ 17.)*
- *Allen law firm signed and sent to plaintiff a Dunning letter on February 8, 2013 claiming an amount was owed to American Express. (See Amended Complaint at ¶ 18.)*
- J&A, as of February 10, 2013, was in violation of 15 U.S.C. § 1692 because it did not send the statutorily required communication to *plaintiff* within five days of its initial communication with a consumer, which was purportedly the date on which the credit report was pulled. (See Amended Complaint at ¶ 19, 54.)
- On February 17, 2013, *Plaintiff* sent Allen a "Dispute and Demand for Validation" *and "notice that Plaintiff was not to be called in regards to*

14

*this matter and that any further communications were to be in writing via USPS mail"* letter (See Amended Complaint at ¶ 20.)

- Allen purportedly violated 15 U.S.C. § 1692*e*(8) because he "failed to communicate that a disputed debt is disputed." (See Amended Complaint at ¶ 21, 67.)

- On March 6, 2013 Allen *signed and* sent *plaintiff* a letter that was in violation of 15 U.S.C. § 1692*e*(11) "because the letter failed to disclose in subsequent *communication* that the communication is from a debt collector." *The phrase, "debt collector" is not on the letter.* (See Amended Complaint at ¶ 22, 67.)

- The March 6, 2013 letter was in violation of 15 U.S.C. § 1692*g*(b) "because it was continuing to collect a debt before validation of the debt was given to", *Plaintiff. Plaintiff never received validation of the debt from Allen or a copy of the verification of the debt which Alan was required to obtain from the alleged creditor and mail to consumer.* (See Amended Complaint at ¶ 23, 67.)

- *The March 6, 2013 letter clearly does not state debt collector anywhere.* (See Amended Complaint at Exhibit B.)

- *The March 6, 2013 letter was not a copy of verification from a creditor.* (See Amended Complaint at Exhibit B.)

15

- ***On March 17, 2013 plaintiff sent certified mail to Allen stating that the debt was not validated plaintiff demanded that until validated Allen cease and desist in all activities related to the matter.*** (See Amended Complaint at Exhibit C.)

- The state court action ***signed and filed by Allen*** was commenced on March 25, 2013 and was purportedly "an additional violation of 15 U.S.C. § 1692g(b) by continuing to collect a debt without validation." ***And without Allen Mailing a copy of the verification he received from creditor to the plaintiff.*** (See Amended Complaint at ¶ 25, 67.)

- The state court action ***signed and filed by Allen*** also purportedly violated 15 U.S.C. § 1692 e(10) because it constituted the use of "false representation or deceptive means to collect in that Allen was representing "J&A" not AMERICAN EXPRESS." (See Amended Complaint at ¶ 26, 67.)

- The state court action ***signed and filed by Allen*** also purportedly violated 15 U.S.C. § 1692 e(2)(A) being that the account number sued on "********** 1001" or "account ending   7-71001" is not an account number "plaintiff ever had with American Express which was a false representation of the character, amount and legal status of any debt. (See Amended Complaint at ¶ 27, 67.)

- Allen purportedly made several ***nonemergency solicitation*** calls ***to tracfone #252-762-5138*** without ***plaintiff's*** express consent to ***plaintiff's***

16

*national* Do-Not-Call registered emergency cell phone "upon information and belief, using an automatic telephone dialing capable system *that when plaintiff answered the calls there was a hesitation before Allen came on the line* in knowing and or willful violation of 47 U.S.C. § 227(b)and(c)." (See Amended Complaint at ¶ 28, 73.)

- On or about March 21, 2014, Nessenson *made his first contact with plaintiff* called *plaintiff* and *in this initial communication* failed to state that he was a debt collector attempting to collect a debt. (See Amended Complaint at ¶ 29, 86.)

- On April 4, 2014, Nessenson sent *plaintiff* a written communication that failed to state that he was a debt collector attempting to collect a debt. (See Amended Complaint at ¶ 30, 86.)

## Material Facts in Dispute

- Was the account number used in the collection of the debt the proper account number?

- What proof of account did J&A gift to Trans Union to access consumer's personal credit report?

- Who was the individual a J&A that requested the consumer's personal credit report?

- Exactly what was in the statement of user's responsibilities that Trans Union sent to J&A with plaintiff's consumer's credit report?

17

- Did J&A have a duty to notify the consumer of any adverse action taken against the consumer?

- Did J&A properly certify their permissible purpose to Trans Union for their use of plaintiff's consumer credit report?

- The initial Dunning letter Allen sent on February 8, 2013 to plaintiff stated that plaintiff owed American Express why did Allen want a check made out to his law firm

- Does J&A have proof that they sent plaintiff the required communication within five days of their initial communication?

- Why did Allen call plaintiff after being noticed not to call in February 17, 2013 letter from plaintiff to Allen?

- When plaintiff disputed the debt with Allen did Allen inform any party that the debt was disputed?

- Did Allen ever validate the debt, if so under what rule, code regulation or law?

- How did Allen obtain plaintiff's personal emergency tracfone number?

- Does Allen or his firm have a policy and procedure to conform to the national do not call list?

- Did Nessenson send plaintiff the required written communication with in five days of his initial communication?

18

- Did Nessenson's subsequent communication state that it was from a debt collector?
- Did Nessenson offer to settle the American Express account?

### Plaintiff's Rebuttal to Argument

To save the court's time plaintiff chooses not to argue the usual Twombly, Iqbal, Haynes v. Kerner and such. Plaintiff looks at Congress's intent when enacting the FDCPA, FCRA and the TCPA. The intent was to give the least sophisticated consumer access to Justice involving consumer affairs. Plaintiff put forth substantial effort to present pertinent facts, pled in a plausible manner, to rise above mere speculation.

This being the first suit plaintiff has ever filed in any court Plaintiff wonders if Justice is being served equally. **Equality is Equity.** Plaintiff is aware of his individual right to equal access to due process and this FRCP 12b(6) Motion to Dismiss or FRCP 56 Summary Judgment if granted would be a denial of plaintiff's right to due process of law. Granting this motion to defendant would be a conflict and variance between equity and law.

**WHEREFORE:** Plaintiff prays that defendant's motion to dismiss be denied and that summary judgment be denied the defendant. If the motion to dismiss or summary judgment is not denied the plaintiff asks for leave of court to amend the complaint and that the areas of deficiency be pointed out.

Respectfully submitted,

*[signature]*

Timothy P. Danehy

555 Julian Smith Rd.
Henderson, NC 27537
(252) 492-0194
Mail: P.O. Box 301
Kittrell, NC 27544-0301
nonovation@yahoo.com
Pro Se

**CERTIFICATE OF SERVICE**

I, Timothy P. Danehy, certify that I have this day served the Defendants in the foregoing matter with a copy of this foregoing Amended Complaint by depositing in the United States Mail a copy of the same in a properly addressed envelope with adequate postage thereon, in the manner prescribed by FRCP rule 5 addressed to the following:

JAFFE AND ASHER LLC.
600 Third Ave.
New York, NY 10016

And

WILLIAM J. ALLEN
C/o ALLEN LAW FIRM
2435 Plantation Center Drive
Suite 205
Matthews, NC 28105

LAWRENCE M. NESSENSON
C/o JAFFE AND ASHER LLC.
600 Third Ave.
New York, NY 10016

20