UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:14-CV-60-FL

| | |
|---|---|
| TIMOTHY P. DANEHY, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) **DEFENDANTS' REPLY MEMORANDUM**<br>) **IN SUPPORT OF MOTION TO DISMISS** |
| JAFFE & ASHER, LLP and WILLIAM J. ALLEN | )<br>)<br>) |
| Defendants. | )<br>) |

## Preliminary Statement

Defendants, Jaffe & Asher LLP ("J&A"), Lawrence M. Nessenson ("Nessenson"), and William J. Allen ("Allen"), submit this reply memorandum of law in support of their motion for an Order pursuant to Fed. R. Civ. P. 12(b)(6) dismissing the amended complaint of plaintiff Timothy P. Danehy ("Danehy" or "plaintiff") for failure to state a claim upon which relief can be granted. In addition, Nessenson seeks dismissal of the amended complaint pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

Nothing contained in Danehy's opposition papers changes the settled law and its application to the baseless allegations of the amended complaint. In fact, Danehy does not cite a single case. He merely offers his own, incorrect interpretation of the FDCPA, FCRA, and TCPA. Yet, the fact remains that there was no violation of any of the aforesaid statutes as a matter of law for all of the reasons set forth in defendants' moving papers.

1

# ARGUMENT

## I

## COUNTS I AND II FAIL TO SATE A VIABLE FCRA CLAIM AGAINST J&A

Danehy fails to cite any authority to refute the fact that his FCRA claim against J&A must be dismissed as a matter of law because J&A had a permissible purpose for pulling his credit report: namely, the collection of a debt. See Huertas v. Galaxy Asset Management, 641 F.3d 28, 34 (3d Cir. 2011)(the statute expressly permits distribution of a consumer report to an entity that "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer"); Cooper v. Pressler & Pressler, LLP, 912 F. Supp.2d 178 (D.N.J. 2012)(same); McNall v. Credit Bureau of Josephine County, 689 F. Supp.2d 1265, 1273 (D. Or. 2010) ("plaintiffs offer no evidence that defendant's intent in requesting the credit report was for a purpose other than collecting a debt which is a permissible purpose under section 1681b(a)(3)(A)"); Shah v. Collecto, Inc., 2005 WL 2216242, at *12 (D. Md. Sept.12, 2005) (collection agency permissibly obtained credit report to pursue debt collection against plaintiff); Korotki v. Attorney Services Corp. Inc., 931 F. Supp. 1269 (D. Md.1996), aff'd, 131 F.3d 135 (4th Cir. 1997), cert. denied, 118 S. Ct. 1797, 523 U.S. 1118 (1998)(holding that law firm, attorney, and company who acquired developer's credit report to obtain alternate address at which to serve developer with legal papers had permissible purpose and thus, they did not violate FCRA); Perretta v. Capital Acquisitions & Management Co., 2003 WL 21383757 (N.D. Cal. May 05, 2003) (NO. C-02-05561 RMW)(holding that debt collector obtained debtor's consumer report in connection with an effort to collect a debt and thus did not violate FCRA).

As such, Counts I and II of the amended complaint fail to state a claim upon which relief can be granted and are subject to dismissal as a matter of law.

II

**COUNT III FAILS TO STATE A VIABLE FDCPA CLAIM AGAINST J&A**

Danehy fails to cite any authority to refute the fact that his FDCPA claim against J&A must also be dismissed as a matter of law because the pulling of a credit report by a debt collector does not constitute an initial communication with a consumer. See Robinson v. TSYS Total Debt Management, Inc., 447 F. Supp.2d 502, 508-509 (D. Md. 2006)(holding that plaintiff's claim that an initial communication under the FDCPA occurred —'when Defendant communicated the debt to Plaintiff's credit report'—cannot support a claim under the FDCPA because it is not a communication with a consumer'").

In light of the foregoing, Danehy cannot state a viable claim against J&A for violation of the FDCPA. Accordingly, Count III of the amended complaint is subject to dismissal as a matter of law.

III

**COUNT IV FAILS TO STATE A VIABLE FDCPA CLAIM AGAINST ALLEN**

Danehy states in his opposition that the words "debt collector" do not appear anywhere in the March 6, 2013 letter from Allen to Danehy. However, debtor collectors are not required to follow the notice requirement verbatim. A debt collector satisfies the 15 U.S.C.S. § 1692e(11) notice requirement as long as it is clear from the subsequent letter that the sender is a debt collector . Majerowitz v. Stephen Einstein & Assocs., P.C., 2013 U.S. Dist. LEXIS 115664 (E.D.N.Y. Aug. 15, 2013). In this case, the language "This letter is an attempt to collect a debt

3

and any information obtained will be used for this purpose" makes clear the sender is a debt collector. Accordingly, Count IV of the amended complaint is subject to dismissal as a matter of law.

IV

**COUNT V FAILS TO STATE A VIABLE TCPA CLAIM AGAINST ALLEN**

Danehy merely states in his opposition that he has reason to believe that "Allen" did use ATDS capable equipment as stated in the amended complaint. However, he fails to state what those reason or fact might be. His bald assertion is insufficient to withstand dismissal.

V

**COUNT VI FAILS TO STATE A VIABLE FDCPA CLAIM AGAINST NESSENSON**

Danehy fails to cite any authority to refute the fact that his FDCPA claim against Nessenson must also be dismissed as a matter of law because the requirement of 15 U.S.C.A. § 1692e(11) – to disclose in the initial communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and in subsequent communications that the same is from a debt collector – does not apply to communications unrelated to the debt. See Bailey v. Security Nat'l Servicing Corp., 154 F.3d 384, 388 (7th Cir.1998) ("[F]or a communication to be in connection with the collection of a debt, an animating purpose of the communication must be to induce payment by the debtor"); Marx v. General Revenue Corp., 668 F.3d 1174, 81 Fed.R.Serv.3d 479 (10th Cir. 2011)(holding that facsimile sent to consumer by collector, which merely sought to verify consumer's employment status, was not a "communication" under FDCPA); Grden v. Leikin Ingber & Winters PC, 643 F.3d 169, 173 (6th Cir.2011) (holding that statements were merely a ministerial response to a debtor inquiry, and thus not a "communication" under the FDCPA); Horkey v.

4

J.V.D.B. & Assocs., Inc., 179 F.Supp.2d 861, 868 (N.D.Ill.2002) (finding no violation of § 1692c(b) when debt collector's conversation with debtor's co-worker "was merely limited to inquiring as to Plaintiff's whereabouts").

Here, Nessenson's communications with Denahy were in connection with the instant action and the amended complaint does not allege to the contrary. As such, dismissal is mandatory as a matter of law.

## VI

### THE COURT LACKS PERSONAL JURISDICTION OVER NESSENSON

Danehy merely states in his opposition that he could plead facts that would subject Nessenson to personal jurisdiction in North Carolina. However, he fails to state what those facts might be. His bald assertion is insufficient to withstand dismissal.

### CONCLUSION

Based upon the foregoing reasons, defendants' motion should be granted, and the amended complaint should be dismissed with prejudice in its entirety.

Dated: June 16, 2014

                                          Respectfully submitted,

                                          /s/ William J. Allen_____
                                          William J. Allen
                                          Attorney for Defendants
                                          North Carolina State Bar No. 24916
                                          William J. Allen P.A.
                                          2435 Plantation Center Drive, Suite 205
                                          Matthews, North Carolina, 28105
                                          Tel: (704)847-1390
                                          Fax: (704) 847-1452
                                          ballen@allenatlaw.com

## Certificate of Service

I, William J. Allen, hereby certify that on this date I served the foregoing **DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** upon all interested parties by depositing copy thereof in the United States mail in Matthews, North Carolina, first class postage prepaid and addressed as follows:

Timothy P. Danehy
PO Box 301
Kitrell, NC 27544-0301


This the 16th day of June, 2014.


/s/ William J. Allen_____
William J. Allen
Attorney for Defendants
North Carolina State Bar No. 24916
William J. Allen P.A.
2435 Plantation Center Drive, Suite 205
Matthews, North Carolina, 28105
Tel: (704)847-1390
Fax: (704) 847-1452
ballen@allenatlaw.com