IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CV-60-FL

| | |
|---|---|
| TIMOTHY P. DANEHY, ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> ) <br> v. ) <br> ) <br> ) <br> ) <br> JAFFE & ASHER, LLP, LAWRENCE ) <br> M. NESSENSON, and WILLIAM J. ) <br> ALLEN, ) <br> ) <br> Defendants. ) | **MEMORANDUM & RECOMMENDATION** |

This matter is before the court on Defendants' motion to dismiss Plaintiff's complaint, pursuant to Federal Rules of Civil Procedure 12(b)(2)[1] and 12(b)(6) for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted [DE #13]. Plaintiff filed a response, and Defendants have replied. Where this matter has been referred to the undersigned and the parties have not consented to the jurisdiction of the magistrate judge, Defendants' motion is undertaken pursuant to 28 U.S.C. § 636(b)(1)(B) for a memorandum and recommendation. For

---

[1] Although Defendants cite Rules 12(b)(4) and 12(b)(6) as the bases for their motion, it is clear from Defendants' motion and accompanying memorandum that they are moving to dismiss Plaintiff's claims against Defendant Nessenson for lack of personal jurisdiction and not for insufficiency of service of process.

the reasons set forth below, it is recommended that Defendants' motion be granted and that Plaintiff's complaint be dismissed in its entirety.

## BACKGROUND

Plaintiff filed this action on February 4, 2014, against Defendants Jaffe & Asher, LLP ("J&A") and William J. Allen. On April 21, 2014, Plaintiff filed an amended complaint adding Defendant Lawrence M. Nessenson to the suit. The undisputed facts material to this case are as follows: Defendant J&A is a limited liability partnership hired by American Express Bank, FSB, to collect a debt allegedly owed by Plaintiff ("the American Express debt"). Defendant Allen is an attorney licensed in North Carolina and was hired by J&A to collect the American Express debt. Defendant Nessenson is an attorney employed by J&A with whom Plaintiff had contact after filing the original complaint in this action.

Plaintiff brought this action pursuant to various provisions of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Plaintiff asserts that Defendants violated the FCRA, FDCPA, and TCPA acts in their attempt to collect a debt. Plaintiff alleges individuals "working for and on behalf of 'J&A'" made an impermissible pull of Plaintiff's credit information on February 5, 2013. (Pl.'s 1st Am. Compl. at 4 [DE #6].) On February 8, 2013, Plaintiff received a dunning letter signed by Defendant Allen stating Plaintiff owed $18,110.28 on the American Express debt. (*Id.* at 5.)

2

Case 5:14-cv-00060-FL   Document 22   Filed 01/30/15   Page 2 of 18

On February 17, 2013, Plaintiff sent Allen a letter disputing the American Express debt and demanding verification of the debt. (*Id.* at 5.) Plaintiff also requested that he not be called in regard to the matter but that all communication be in written form. (*Id.* at 5-6.) Plaintiff further alleges that Allen did not communicate that the debt was disputed to American Express Bank, FSB, or to the credit reporting agency. (*Id.* at 6.) On March 6, 2013, Allen sent Plaintiff a letter, which, Plaintiff claims, failed to disclose it was from a debt collector and attempted to collect a debt before validation of the debt was given to Plaintiff. (*Id.* at 6.) Plaintiff reports that he never received validation of the debt. (*Id.* at 7.) On March 17, 2013 Plaintiff wrote Allen demanding validation and requesting that Allen cease all collection activity until such validation was given. *(Id.* at 7.)

On March 25, 2013, Allen filed a case against Plaintiff in state court on behalf of American Express Bank, FSB. *(Id.* at 7.) Plaintiff claims that the account on which Allen sued is not an account owned by Plaintiff. (*Id.* at 7-8.) Plaintiff further alleges that Allen made several "non-emergency solicitation calls" to Plaintiff's Tracfone without Plaintiff's consent, that Plaintiff is on the national "Do Not Call" list, and that there was a hesitation after Plaintiff answered and before Allen spoke.[2] (*Id.* at 8-9.)

Next, Plaintiff alleges that on March 21, 2014, Defendant Lawrence M. Nessenson called him, failing to state he was a debt collector attempting to collect a

---

[2] Plaintiff appears to allege that the hesitation is evidence that an automatic telephone dialing system (ATDS) was used to call his Tracphone.

3

debt and that on April 4, 2014, Nessenson wrote him failing to disclose in the letter that the communication was from a debt collector. (*Id.* at 9-10.)

## DISCUSSION

I.  Rule 12(b)(2)

Defendants filed a motion to dismiss for lack of personal jurisdiction as to defendant Nessenson. Where the court addresses a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, but rather "on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge." *Combs v. Baker*, 886 F.2d 673, 676 (4th Cir. 1989). In making this determination, the court construes "all disputed facts and reasonable inferences in favor of the plaintiff." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs.*, Inc., 334 F.3d 390, 396 (4th Cir. 2003).

In order for the court to exercise personal jurisdiction over a non-resident defendant, the exercise of jurisdiction must (1) be authorized by North Carolina's long-arm statute and (2) comport with Fourteenth Amendment due process requirements. *Christian Sci. Bd. of Dirs. of First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001). "North Carolina's long-arm statute is construed to extend jurisdiction over nonresident defendants to the full extent permitted by the Due Process Clause." *Id.* Thus, the two-prong test merges into the single question of whether the "defendant has such 'minimal contacts' with the

4

forum state that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

> [A] court may assert jurisdiction over a nonresident defendant through either of two independent avenues. First, a court may find specific jurisdiction based on conduct connected to the suit. If the defendant's contacts with the State are also the basis for the suit, those contacts may establish specific jurisdiction. Second, a court may exercise personal jurisdiction under the theory of general jurisdiction, which requires a more demanding showing of continuous and systematic activities in the forum state.

*Tire Eng'g & Distribution, LLC v. Shandong Linlong Rubber Co., Ltd.*, 682 F.3d 292, 301 (4th Cir. 2012) (internal quotations omitted). Plaintiff does not allege any jurisdictional facts showing that Defendant Nessenson has conducted "continuous and systemic activities" within North Carolina; therefore, the court does not have general personal jurisdiction over him. *Tire Eng'g & Distribution, LLC*, 682 F.3d at 301.

To determine if the court has specific jurisdiction over Defendant Nessenson, the court considers: (1) the extent to which he purposefully availed himself of the privilege of conducting activity in North Carolina or otherwise invoked the benefits and protections of its laws; (2) whether Plaintiff's claims arise out of activities directed at North Carolina; and (3) whether exercising personal jurisdiction is constitutionally reasonable. *CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 294 (4th Cir. 2009).

5

Here, the undersigned finds that Plaintiff has failed to make the requisite prima facie showing of specific personal jurisdiction. In support of the motion to dismiss, Nessenson has submitted a declaration in which the following is averred:

(1) that Nessenson is an attorney admitted only in the state of New York, and he has never personally been to North Carolina;

(2) that Nessenson's phone calls to Plaintiff were in response to Plaintiff's filing of the original complaint against J&A;

(3) that he sent Plaintiff a proposed stipulation regarding J&A's time to respond, to which Plaintiff did not agree; he also stated:

> Plaintiff subsequently called me on April 4, 2014, at which time I discussed settlement of both the FDCP claim and the underlying American Express debt with him, not just the instant FDCP action. For that reason, I sent him a letter on April 4, 2014 containing FDCP disclosures, but I did not seek to collect any debt in that letter.

(4) that Nessenson does "not personally engage in debt collection, or other, activities in North Carolina"; and

(5) that "[e]xcept for the above described limited contacts regarding the instant action, [he] does not personally place calls or send letters to North Carolina."

(Decl. Lawrence M. Nessenson [DE #15].)

Plaintiff has presented no evidence to support a finding that Defendant Nessenson engaged in any other acts purposely directed toward the State of North Carolina. Plaintiff's complaint alleges in conclusory fashion that Nessenson is responsible for making telephone and written communications in violation of the

6

FDCAP. In response to Defendants' motion to dismiss, Plaintiff alleges that he spoke with Nessenson several times by phone and received four emails from Nessenson. (Pl.'s Resp. Mot. to Dismiss at 12 [DE #18].) However, he does not refute the facts contained in Nessenson's declaration or present any facts to suggest that Nessenson contacted Plaintiff other than in response to the present action filed by Plaintiff. *See Henderson v. Los Angeles County*, No. 5:13-CV-635-FL, 2014 WL 1572487, at *4 (E.D.N.C. April 17, 2014) (finding no personal jurisdiction over California Attorney General's office where the attorney general was representing a party against whom the plaintiff instituted the instant suit). There being no evidence that Nessenson personally availed himself of the privilege of conducting activity in North Carolina or otherwise invoked the benefits and protections of its laws, Plaintiff's claims against Defendant Nessenson should be dismissed for lack of personal jurisdiction.

## II. Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint or any claims contained therein that fail to state a claim upon which relief may be granted. The intent of Rule 12(b)(6) is to test the sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th. Cir. 1999). The court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'"

7

*Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 872 (4th Cir. 1989) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). While pro se complaints should be liberally construed, they are not exempt from the "requirement that a pleading contain 'more than labels and conclusions.'" *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In order to survive a 12(b)(6) motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 544. A complaint need not contain detailed factual allegations, but it must give a defendant fair notice of what the claim is and the grounds upon which it rests. *Id.* at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," which are sufficient to raise a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Facial plausibility is more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. It requires the plaintiff to articulate facts "that allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### A. Jaffe & Asher, LLP

#### 1. Counts I and II

In Count I, Plaintiff claims that Defendant J&A "willfully" violated 15 U.S.C. § 1681b(f) by obtaining his consumer report without a permissible purpose.

8

Case 5:14-cv-00060-FL   Document 22   Filed 01/30/15   Page 8 of 18

Plaintiff makes a similar claim in Count II in that Plaintiff alleges J&A "negligently" obtained his consumer report without a permissible purpose.

Section 1681b(f) states:

> A person shall not use or obtain a consumer report for any purpose unless –
>
> (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and
>
> (2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

15 U.S.C. § 1681b(f).

Section 1681b(a) provides in pertinent part:

> Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following circumstances and no other:
>
> . . . .
>
> (3) To a person which it has reason to believe –
>
> (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review *or collection of an account* of, the consumer . . . .

15 U.S.C. § 1681b(a)(3)(A). As stated by both Plaintiff and Defendants, Defendants were trying to collect on an account on behalf of American Express Bank, FSB, and thus were pursuing a permitted action under § 1681b. Plaintiff does not provide any facts indicating any other impermissible action. Thus, Counts I and II should be dismissed.

9

### 2. Count III

In Count III, Plaintiff alleges the following: (1) when J&A pulled Plaintiff's credit report, doing so was a prohibited third-party communication in violation of 15 U.S.C. § 1692c(b); (2) by pulling his credit report, J&A used "false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer in contravention of 15 U.S.C. § 1692e(10)"; and (3) J&A violated 15 U.S.C. § 1692g(a)(1)-(5) by failing to send required notice to Plaintiff within five days of the initial communication with Plaintiff. (Pl.'s 1st Am. Compl. at 13-14.)

First, Plaintiff alleges that J&A's act of pulling Plaintiff's credit report was a prohibited third-party communication, the third party being the credit reporting agency from which the report was obtained. Section 1692c(b) provides:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, *a consumer reporting agency if otherwise permitted by law*, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b) (emphasis added). As already determined, J&A made a permissible pull of Plaintiff's credit from a credit reporting agency. As such, this act falls under an exception to prohibited communications with third parties.

Secondly, Plaintiff alleges J&A used "false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). Plaintiff alleges that J&A "deceived the credit

10

reporting agency using a nonexistent account number." (Pl.'s 1st Am. Compl. at 5.) Plaintiff further claims he "never had an account ending 7-71001 with American Express Bank, FSB." (Pl.'s Aff. at 2 [DE #1-1].) However, Plaintiff does not allege facts showing the account number does not belong to him beyond the conclusory statement that he has no such account.

Third, Plaintiff alleges J&A violated 15 U.S.C. § 1692g(a)(1)-(5) by failing to send required notice within five days after pulling his credit report. Section 15 U.S.C. § 1692g(a)(1)-(5) states the following requirements associated with a notice of debt:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall . . . send the consumer a written notice containing –
>
> (1)  the amount of the debt;
>
> (2)  the name of the creditor to whom the debt is owed;
>
> (3)  a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4)  a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5)  a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a)(1)-(5).

Here, Plaintiff argues that the five days started when J&A requested Plaintiff's credit report from the credit reporting agency. This assertion is incorrect. The pulling of a credit report by a debt collector does not constitute an initial communication with a *consumer* as required by the statute. *See* 15 U.S.C. § 1692g(a). Instead, the five-day deadline would have started as of Allen's first communication with Plaintiff. Plaintiff does not allege that he did not receive the required notice within five days of Allen's first communication with him. Therefore, Count III should be dismissed for failure to state a claim upon which relief can be granted.

**B.     William Allen**

   **1.     Count IV**

      **a.     15 U.S.C. § 1692e(8)**

Section 1692e(8) is violated by "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." "[I]f a debt collector never communicates credit information about a consumer, section 1692e(8) is not triggered and the debt collector is not required to report the consumer's debt as disputed." *O-Fay v. Sessoms & Rogers, P.A.*, No. 5:08-CV-615-D, 2010 WL 9478988, at *7 (E.D.N.C. Feb. 9, 2010) (citing *Wilhem v. Credico, Inc.*, 519 F.3d 416, 418 (8th Cir. 2008)).

Plaintiff's allegation against Allen consists of Allen's failure to communicate with the credit reporting agency that the debt was disputed. There are no facts

12

alleging that Allen reported a debt to the credit reporting agency or had any communication with the credit reporting agency. Thus, the duty to report that the debt was disputed was not triggered, and § 1692e(8) was not violated.

### b. 15 U.S.C. § 1692e(11)

A defendant violates § 1692e(11) if he fails to disclose in the initial written or oral communication with the consumer

> that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with legal action.

15 U.S.C. § 1692e(11).

Plaintiff alleges Allen, in a letter sent March 6, 2013, "failed to disclose in subsequent communications that the communication is from a debt collector." (Pl.'s 1st Am. Compl. at 6, 16.) However, Plaintiff included the letter with his complaint, and the letter states, "This letter is an attempt to collect a debt and any information obtained will be used for this purpose." (Pl.'s Exhibit B at 1 [DE #6-2].) As such, Plaintiff has not stated a claim upon which relief may be granted, and this claim should be dismissed.

### c. 15 U.S.C. § 1692g(b)

Section 1692g(b) requires:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the

13

name and address of the original creditor, and a copy of such
verification or judgment, or name and address of the original creditor,
is mailed to the consumer by the debt collector. Collection activities
and communications that do not otherwise violate this subchapter may
continue during the 30-day period referred to in subsection (a) of this
section unless the consumer has notified the debt collector in writing
that the debt, or any portion of the debt, is disputed or that the
consumer requests the name and address of the original creditor. Any
collection activities and communication during the 30-day period may
not overshadow or be inconsistent with the disclosure of the
consumer's right to dispute the debt or request the name and address
of the original creditor.

15 U.S.C. § 1692g(b). Plaintiff specifically alleges that Allen did not properly verify the debt upon request and that Allen impermissibly continued to collect the disputed debt by filing an action in state court before providing verification of the debt. (Pl.'s 1st Am. Compl. at 7-8.) Plaintiff reports that he received his first communication from Allen on February 8, 2013, and that Plaintiff demanded "validation" of the debt on February 17, 2013. Plaintiff includes a letter from Allen dated March 6, 2013, which states:

> In response to your request for verification of the debt, we provide you the following information:
>
> Creditor name: American Express Bank, FSB,
> Creditor Address: P.O. Box 650448, Dallas, TX 75265-0448
> Name of Debtor: Timothy P. Danehy
> Debtor Address 555 Julian Smith Road, Henderson, NC 27537
> Amount Due: 18,110.28

(Pl.'s Exhibit B at 1 [DE #6-2].) Plaintiff states that Allen filed a case in state court on behalf of American Express Bank, FSB, on March 25, 2013.

Allen provided appropriate verification under the statute.

[V]erification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the

14

creditor is claiming is owed; the debt collector is not required to keep detailed files of the alleged debt. Consistent with the legislative history, verification is only intended to eliminate the . . . problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid. There is no concomitant obligation of forward copies of bills or other detailed evidence of the debt.

*Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999) (citations and quotations omitted) (alteration in original).

Here, Allen's letter provided the name of the creditor, the creditor's address, and the amount of the debt the creditor claims it is owed. Allen also provided the name of the debtor on the account and the address on the account.[3] This is adequate to meet the verification requirements under § 1692g(b).

### d. 15 U.S.C. § 1692e(10)

A debt collector violates § 1692e(10) if he uses "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). Plaintiff alleges that Allen was in fact representing J&A and not American Express Bank, FSB, as Allen had stated. However, Plaintiff provides no facts supporting his allegation beyond his bare assertion. Thus, this allegation does not meet the pleading standard required in *Twombly* and *Iqbal* and should be dismissed.

---

[3] It should be noted that the debtor's name address included in the March 6, 2013, letter matches the name address entered on the civil cover sheet filed with Plaintiff's complaint. (Compl. at 1 [DE #1-2].)

e.  15 U.S.C. § 1692e(2)(A)

Under § 1692e(2)(A), a debtor is prohibited from giving false representation of "the character, amount, or legal status of any debt."  15 U.S.C. § 1692e(2)(A). Plaintiff alleges that "the account number sued on '************1001' or 'account ending 7-71001' is not an account number 'Plaintiff' ever have with AMERICAN EXPRESS which was a false representation of the character, amount and legal status of any debt in contravention of 15 U.S.C. § 1692e(2)(A)."  (Pl.'s 1st Am. Compl. at 16-17.)  Plaintiff provides no other facts supporting the conclusion that the account is not his.  In fact, the name and address associated with the debt match the name and address Plaintiff included on the civil cover sheet when filing his complaint. (Compl. at 1 [DE #1-2].)  Plaintiff has not alleged facts sufficient to state a claim, but instead relied on mere conclusions, and thus, this claim should be dismissed.

2.  Count V

In Count V, Plaintiff alleges that Defendant Allen violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing calls to Plaintiff's Tracfone using an automatic telephone dialing system ("ATDS"). (Pl.'s 1st Am. Compl. at 9, 17-18.)  Section 227(b) states in pertinent part:

(b) Restrictions on use of automated telephone equipment

(1) Prohibitions

It shall be unlawful for any person within the United States . . . –

>   (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice –
>
>   . . . .
>
>   (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . . .

47 U.S.C. § 277(b)(1)(A)(iii).

In support of this claim, Plaintiff alleges that "[w]hen 'Plaintiff' answered these calls there was a hesitation before 'Allen' came on the line." (Pl.'s 1st Am. Compl. at 9.) This fact alone does not raise the probability that Allen used an ATDS above a speculative level. There being no other facts alleged to suggest the use of an ATDS, this count should be dismissed for failure to state a claim upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that Defendant's motion to dismiss [DE #13] be GRANTED and Plaintiff's complaint be DISMISSED in its entirety.

The Clerk shall send a copy of this Memorandum and Recommendation to the respective parties, who shall have fourteen (14) days from the date of service to file written objections. Failure to file timely, written objections shall bar an aggrieved party from obtaining de novo review by the District Judge on an issue covered in the

17

Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

This 30th day of January 2015.

_____
KIMBERLY A. SWANK
United States Magistrate Judge