IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CV-60-FL

| | |
|---|---|
| TIMOTHY P. DANEHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| JAFFE & ASHER, LLP; LAWRENCE ) | |
| M. NESSENSON, and WILLIAM J. ) | |
| ALLEN, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on defendants' motion to dismiss for lack of personal jurisdiction and failure to state a claim upon which relief can be granted, under to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). (DE 13). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Kimberly A. Swank issued a memorandum and recommendation ("M&R"), (DE 22), wherein it is recommended defendants' motion be granted. Plaintiff timely filed objections and defendant has responded.[1] In this posture, the issues raised are ripe for ruling. For the reasons stated more specifically herein, the court adopts the M&R and grants defendants' motion to dismiss.

---

[1] Defendant proffered a declaration and exhibits in response to plaintiff's objections to the M&R. For the reasons discussed herein, the court declines to consider the same in consideration of defendants' motion to dismiss for failure to state a claim.

## PROCEDURAL BACKGROUND

Plaintiff commenced this action against defendants Jaffe and Asher, LLP ("J&A"), a New York law firm acting as a debt collector on behalf of American Express Bank, FSB ("American Express") and seeking to collect a debt of $18,110.28 allegedly owed to American Express by plaintiff, and William J. Allen ("Allen"), a North Carolina attorney hired by defendant J&A to collect plaintiff's debt for American Express, on February 4, 2014. (Compl., DE 1). In the complaint plaintiff alleged defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 while attempting to collect the debt. (Compl., at 5-12).

On April 21, 2014, plaintiff filed amended complaint, adding as a defendant Lawrence M. Nessenson ("Nessenson"), an attorney allegedly operating as a debt collector for defendant J&A. In the amended complaint, plaintiff asserts three claims against defendant J&A. First, plaintiff asserts defendant J&A obtained his consumer report without a permissible purpose, in willful violation of the FCRA, pursuant to 15 U.S.C. §§ 1681b(f) and 1681n ("Count 1"). Next plaintiff contends defendant J&A obtained his consumer report without a permissible purpose in negligent violation of the FCRA, pursuant to 15 U.S.C. §§ 1681b(f) and 1681o ("Count 2"). Finally, plaintiff alleges defendant J&A committed a number of violations of the FDCPA, including making a prohibited third-party communication, in violation of 15 U.S.C. § 1692c(b); making false representations or deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10); and failing to send notice to plaintiff within five days of the initial debt collecting communication, in violation of 15 U.S.C. § 1982g(a)(1)-(5) (collectively "Count 3").

Plaintiff also asserts two claims against defendant Allen. First, plaintiff alleges defendant Allen violated the FDCPA in myriad ways, including failure to communicate a disputed debt to a credit reporting agency, in violation of 15 U.S.C. § 1692e(8); failure to disclose that subsequent communications were from a debt collector, in violation of 15 U.S.C. § 1692e(11); failure to validate a debt and attempting to collect a debt before validation was given, in violation of 15 U.S.C. § 1692g(b); using false or deceptive means to collect a debt, in violation of 15 U.S.C. § 1682e(10); and making false representations about the character, amount, and legal status of plaintiff's debt by initiating a collection proceeding in North Carolina state court, in violation of 15 U.S.C. § 1692e(2)(A) (collectively "Claim 4"). Plaintiff also contends defendant Allen violated the TCPA by making phones to plaintiff's cell phone using an automatic telephone dialing system ("ATDS"), in violation of 47 U.S.C. § 227(b)(1)(A) ("Count 5"). Finally, plaintiff asserts one claim against defendant Nessenson for violation of the FDCPA. (Am. Compl., DE 6).

On May 5, 2014, defendants filed a motion to dismiss the complaint, pursuant to Federal Rules of Civil Procedure 12(b)(4), 12(b)(5), and 12(b)(6), for insufficient process, insufficient service of process, and failure to state a claim upon which relief could be granted. (DE 13). Therein, defendants argued both Counts 1 and 2 must be dismissed, because plaintiff's complaint evidences defendant had a permissible purpose for requesting his consumer report, review in preparation for collection of the disputed debt. In addition, defendants contended Count 3 failed, because defendant J&A's communication with a credit reporting agency was not prohibited by law, was not false, and did not trigger any duty to provide plaintiff with notice of the impending collection of his account.

3

Defendants also argued that Counts 4 and 5, against defendant Allen, should be dismissed. With regard to Count 4, defendants argued defendant Allen was under no duty to communicate plaintiff's disputed debt to any credit reporting agency, satisfied the notice requirement for subsequent communications, properly validated plaintiff's debt, did not used false or deceptive means to collect plaintiff's disputed debt, and did not make any false statement about the character of plaintiff's debt. Defendants also argued Count 5 failed to meet the pleading standard required by Federal Rule of Civil Procedure 8(a). Finally, defendants suggested the court lacked personal jurisdiction over defendant Nessenson, because process, as well as service of process, were insufficient.

Defendants' motion to dismiss was referred for M&R on June 18, 2014, and M&R issued on January 30, 2015. The M&R recommends granting defendants' motion to dismiss. With regard to defendant J&A, the M&R recommends dismissing Counts 1 and 2, because plaintiff's pleading belies his allegations of lack of permissible purpose for accessing his consumer report. In addition, the M&R recommends dismissing Count 3, because defendant J&A's request for plaintiff's consumer report was authorized by law, and the report was not obtained by a false representation.

The magistrate judge also recommended dismissing Counts 4 and 5 asserted against defendant Allen. Specifically, the M&R recommended Count 4's dismissal, because defendant Allen (1) did not have a duty to communicate plaintiff's disputed debt to American Express; (2) complied with the required notice provisions, giving sufficient information to reveal his identity as a debt collector; and (3) did not attempt to institute collection proceedings prior to providing the verification demanded by plaintiff. Moreover, the magistrate judge recommending dismissal because certain portions of Count 4 failed to satisfy the Rule 8(a) pleading standard. With respect

4

to Count 5, the magistrate again determined plaintiff had failed to plead sufficient facts under Twombly and Iqbal. Finally, the M&R recommends construing defendants' Rule 12(b)(4) and 12(b)(5) motions, addressing defendant Nessenson, together as a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction and granting the motion.

Plaintiff's objections followed. Plaintiff first objects to the M&R's recommendation Counts 1 and 2 be dismissed, because he asserts he does not own the account defendant J&A sought to collect.[2] Next, plaintiff objects to the M&R's recommendation Count 3 be dismissed, because, he contends, defendant J&A's request for plaintiff's consumer report from a credit reporting agency constituted an initial communication between he and defendant J&A. Third, plaintiff argues Count 4 should not be dismissed insofar as it alleges defendant Allen failed to communicate a disputed debt to American Express, because the FDCPA imposed upon defendant Allen an affirmative duty to do so. Fourth plaintiff objects to the recommended dismissal of Count 4, where subsequent communications from defendant Allen explicitly do not employ the term "debt collector." Fifth, plaintiff argues the magistrate erred in recommending dismissal of Count 4, because defendant Allen utilized a false or misleading communication regarding the character, amount, or legal status of plaintiff's debt, when he instituted a debt collection proceeding in North Carolina state court, attempting to collect a debt on an account plaintiff does not own. Finally, plaintiff contends the magistrate erred in recommending dismissal of Count 5, because the magistrate incorrectly

---

[2]Plaintiff has subsequently filed a "notice of mistake," (DE 25), stating that he owns the disputed account. The court will not consider plaintiff's clarification for purposes of its order. Plaintiff may not amend his complaint through argument on a motion to dismiss. See Bratcher v. Pharm. Prod. Dev., Inc., 545 F.Supp. 2d 533, 542 (E.D.N.C.2008). In any event, the ownership of the disputed account does not alter the court's analysis.

5

concluded plaintiff had failed to plead sufficient facts, by virtue of the magistrate's erroneous construction of the TCPA.[3]

## FACTUAL BACKGROUND

On February 5, 2013, defendant J&A requested plaintiff's TransUnion credit report, on behalf of American Express. (Am. Compl. ¶15). On February 8, 2013, defendant Allen sent plaintiff a "dunning letter," claiming money owed to American Express on an account ending in the numbers "1001." (Id. ¶18). Plaintiff does not have an account with American Express ending in the numbers "1001." (Id. ¶26).

Subsequently, on February 17, 2013, plaintiff sent defendant Allen a letter disputing the debt and demanding "validation" of the debt. (Id. ¶20). Included in the letter was a statement plaintiff did not wish to communicate regarding the dispute debt via telephone. (Id.). Upon receipt of the letter, defendant Allen did not communicate the disputed nature of plaintiff's debt to American Express. (Id. ¶21). Rather, on March 6, 2013, defendant Allen sent plaintiff a letter providing verification of the debt. (Id. ¶22 & Ex. B). Thereafter, on March 17, 2013, plaintiff responded to defendant Allen's March 6 correspondence, stating that defendant Allen had failed to provide appropriate "validation" of the debt and that defendant Allen's letter was otherwise unsatisfactory. (Id. ¶24 & Ex. C).

On March 25, 2013, defendant Allen, on behalf of American Express, commenced an action in North Carolina state court seeking satisfaction of the disputed debt owed on the account ending in "1001." (Id. ¶25).

---

[3]Plaintiff does not object to the M&R insofar as it recommends dismissing the claims against defendant Nessenson for lack of personal jurisdiction. The court has reviewed the M&R's analysis and finds no clear error.

In October, November, and December 2013, defendant Allen made several calls to plaintiff's cell phone. (Id. ¶¶ 28, 73). These calls took place despite the fact plaintiff's name appears on the national "do-not-call registry." (Id. ¶28).

**COURT'S DISCUSSION**

A.   Extrinsic Documentation

Defendant filed an exhaustive number of documents, including declarations and bank statements, in support of its motion to dismiss for failure to state a claim. (See DE 16, 24). However, the court may not consider the plethora of documents submitted by defendant. On a Rule 12(b)(6) motion, the universe of documents extrinsic to the pleadings that properly may be considered is very small. The court may consider "documents attached to the complaint, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In addition, the court may consider "matters of public record." Id. (citing Hall v. Virginia, 385 F.3d 421 (4th Cir. 2004)). Here, the pertinent documents submitted by defendant fall outside that narrow swath of permissible material, as they are neither integral to the complaint nor of unquestioned authenticity. Accordingly, the court rejects defendant's invitation to consider its extrinsic declarations and documents in support of its Rule 12(b)(6) motion to dismiss.

B.   Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A complaint states a claim if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is

7

plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal [the] evidence" required to prove the claim. Twombly, 550 U.S. at 556.

Furthermore, the complaint need not set forth "detailed factual allegations," but instead must simply "plead sufficient facts to allow a court, drawing on 'judicial experience and common sense,' to infer 'more than the mere possibility of misconduct.'" Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 256 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 679). In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Id. at 255 (citations omitted).

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

8

C. Analysis

    1.    15 U.S.C. § 1681b(f) - Lack of Permissible Purpose

Plaintiff first objects to the M&R's recommendation that Counts 1 and 2, made under the FCRA against defendant J&A, be dismissed. Plaintiff insists the account defendant J&A sought to collect does not belong to him. Thus, he contends, defendant J&A could not have had a permissible purpose under § 1681b(f) to request his consumer report. The court disagrees.

Plaintiff has failed to plead sufficient facts from which the court could infer defendant J&A lacked a permissible purpose to request his consumer report. 15 U.S.C. § 1681b(f) prohibits obtaining or requesting a consumer report for any purpose, unless the consumer report is otherwise "authorized to be furnished." 15 U.S.C. § 1681b(f). Section 1681b(a) enumerates permissible reasons for which consumer reports may be furnished. Among those enumerated reasons is "the review or collection of an account of" the consumer. <u>Id.</u> § 1681b(a)(3)(A). In the context of disclosure, the reporting agency must have "reason to believe [the party requesting the consumer report] . . . intends to use the information for" that purpose. <u>Id.</u> However, § 1681b(f) does not state whether the "reason to believe standard" applies equally to the requesting entity.

Plaintiff's position is that it does not. Rather, plaintiff insists those requesting consumer reports be held to a strict liability standard. The greater weight of authority, however, forecloses on plaintiff's argument. <u>See</u> <u>Korotki v. Att'y Servs. Corp., Inc.</u>, 931 F. Supp. 1269, 1276 (D. Md. 1996) ("An attorney collecting a debt for a creditor client . . . has a permissible purpose to obtain a consumer report on the debtor to the same extent as the client."); <u>see also</u> <u>Korotki v. Thomas, Ronald & Cooper, P.A.</u>, No. 96-1877, 1997 WL 753322, at *2 (4th Cir. Dec. 5, 1997) ("While [the] language [of §1681b(a)(3)(A)] might arguably apply only to consumer agencies, we conclude that

9

the working is equally applicable to a user."); Howard v. GE Money, 1:12-CV-895, 2014 WL 6810764, at *6-7 (M.D.N.C. Dec. 2, 2014) (same); Boston v. Leading Edge Recovery Solutions, LLC, No. 3:12-CV-680-GCM, 2012 WL 601878, at *2 (W.D.N.C. Dec. 3, 2012) (same). The court finds the weight of this authority persuasive and adopts the "reasonable belief" standard.

Plaintiff has failed to allege any facts from which the court may conclude defendant J&A did not have reason to believe they were collecting on a delinquent account on behalf of American Express. In addition, despite plaintiff's protestations that he never owned such account, that fact, even if true, is immaterial. As the foregoing discussion notes, the relevant inquiry under § 1681b(f)(1) is whether the party requesting the consumer report had reason to believe it was being used in connection with the collection with an account. Accordingly, defendant's motion to dismiss is granted with regard to Counts 1 and 2.

        2.        15 U.S.C. § 1692g(a) - Written Notice to Consumer Within 5 Days

Plaintiff next objects to the M&R's recommendation the court dismiss Count 3 as it pertains to plaintiff's claim that defendant J&A failed to provide to plaintiff written notice as required by statute within five days of defendant J&A's initial communication with plaintiff regarding the collection of the disputed debt. Specifically, plaintiff argues defendant J&A's February 5, 2013, request for his consumer report, made to TransUnion, constituted an "initial communication" with a consumer regarding the collection of a debt. Relying on that argument, plaintiff contends the FDCPA imposed upon defendant a duty to provide him with statutorily required notice by February 10, 2013. The court disagrees.

10

Section 1692g(a) provides that "within five days after the initial communication with the consumer in connection with the collection of any debt" the debt collector must provide the debtor with written notice containing:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a). A "communication" is "the conveying of information regarding a debt directly or indirectly to any person through any medium." Id. § 1692a(3). Thus, § 1692g(a) requires a debt collector to provide a consumer with the previously mentioned written notice after the first communication wherein the debt collector conveys "information regarding a debt directly or indirectly to [the consumer] through any medium." See id. §§ 1692a(3); 1692g(a).[4]

Accessing a consumer report does not constitute an initial communication *with a consumer* as contemplated by § 1692g(a). Without knowledge as to when, or if, plaintiff would request his

---

[4]Plaintiff was contacted for the first time by defendant Allen on February 8, 2013, with regard to the collection of the debt allegedly owed to American Express. (Am. Compl. ¶11). Thereafter, plaintiff pulled his credit report, which evidenced an earlier inquiry by defendant J&A. (Id. ¶12). Plaintiff does not argue he did not receive the communication required by § 1692g(a) within five days of the February 8, 2013, letter. Rather, plaintiff contends he was entitled to such notice on February 10, 2013, five days after defendant J&A contacted a credit reporting agency, with the aim of eventually collecting his debt.

11

consumer report, defendant J&A could not have intended to communicate with plaintiff indirectly through TransUnion. In addition, plaintiff's complaint fails to state a claim upon which relief can be granted. Section 1692g(a) requires notice only after a communication concerning the "collection" of a debt. As discussed previously, defendant J&A could have pulled plaintiff's credit report regarding the collection *or review* of plaintiff's account. As plaintiff's amended complaint contains no allegations from which the court could conclude defendant J&A simply was not reviewing plaintiff's account, there are insufficient facts to state a claim under the Twombly-Iqbal pleading standard.

   3. 15 U.S.C. § 1692e(8) - Failure to Communicate a Disputed Debt

Plaintiff objects to the M&R's recommendation Count 4 be dismissed, as it relates to defendant Allen's alleged failure to communicate a disputed debt to TransUnion. Plaintiff argues the FDCPA requires debt collectors "communicate that a disputed debt is disputed," thus creating an affirmative obligation on debt collectors to relay the disputed nature of a debt to the various credit reporting agencies any time they learn of a dispute. However, the court concludes defendant Allen was under no such obligation.

Section 1692e(8) prohibits a det collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt . . . [including] [c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8). "Communication" is "the conveying of information regarding a debt directly or indirectly to any person through any medium." Id. § 1692a(3).

12

Plaintiff argues that the duty to disclose that a disputed debt is disputed is absolute. Under plaintiff's theory, mere knowledge that a debt is disputed automatically would trigger the duty to report that dispute to credit reporting agencies. However, § 1692e merely prohibits failure to communicate that a debt is disputed "*in connection with the collection of the debt*." 15 U.S.C. § 1692e(8). Imposition of an affirmative duty to report the disputed nature of a debt to a credit reporting agency, as plaintiff advocates, exceeds this requirement.

This conclusion is supported by the great weight of authority. In Brady v. Credit Recovery Co., 160 F.3d 64 (1st Cir. 1998), the court articulated § 1692e(8)'s disputed-debt-reporting requirement to require "a debt collector who knows or should have known that a given debt is disputed to disclose its disputed status *to persons inquiring about a consumer's credit history*." Id. at 67. Other courts have followed this interpretation. See, e.g., Wilhelm v. Credico, Inc., 519 F.3d 416, 418 (8th Cir. 2008); O'Fay v. Sessoms & Rogers, P.A., No. 5:08-CV-615-D, 2010 WL 9478988, at *7 (E.D.N.C. Feb. 9, 2010); Gough v. Bernhardt & Strawser, PA, No. 1:05-CV-398, 2006 WL 1875327, at *5 (M.D.N.C. June 30, 2006).

Moreover, although the Fourth Circuit has not explicitly addressed this issue, in Sayyed v. Wolpoff & Abramson, 485 F.3d 226 (4th Cir. 2007), the court noted that the FDCPA was a "comprehensive and reticulated statutory scheme, involving clear definitions, precise requirements, and *particularized remedies*." Id. at 233 (emphasis added). The court's "particularized remedies" language undermines plaintiff's argument. If Congress had intended debt collectors report *all* disputed debts to credit reporting agencies, it would have said so.

13

4. 15 U.S.C. § 1692e(11) - Failure of Subsequent Communications to Include the Term "Debt Collector"

Plaintiff objects to the M&R's recommendation regarding Count 4, insofar as it recommends dismissing plaintiff's claim against defendant Allen for failure to disclose his status as a debt collector in subsequent communications with plaintiff. Plaintiff argues that, although defendant Allen's initial communication complied with the statutory disclosure requirements, his subsequent communications were deficient, as they did not use the phrase "debt collector." Rather, defendant Allen's subsequent communications employed a longer disclaimer stating "This letter is an attempt to collect a debt and any information obtained will be used for this purpose." (Am. Compl. Ex. B, at 1).

> Section 1692e(11) prohibits:
>
> The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. § 1692e(11). The statute requires debt collectors provide specific information in their first communication with debtors. However, in subsequent communications, the burden on debt collectors is lessened, and the statute requires only that the debt collector state "the communication is from a debt collector." Id.; see also Senftle v. Landau, 390 F. Supp. 2d 463, 473 (D. Md. 2005) (noting the distinction between initial and subsequent communications). Previously, the Fourth Circuit has noted "[t]he [FDCPA] requir[es] debt collectors to disclose their status in every communication with a consumer." Warren v. Sessoms & Rogers, P.A., 676 F.3d 365, 374 (4th Cir. 2012) (emphasis added).

14

Defendant Allen's second letter to plaintiff stated "This letter is an attempt to collect a debt and any information obtained will be used for this purpose." (Am. Compl. Ex. B). Although defendant Allen did not state explicitly that he was a "debt collector," the language used was sufficient to "disclose his status" as such to plaintiff. Accordingly, plaintiff's claim is legally insufficient.

> 5. 15 U.S.C. § 1692e(2)(A) - False Representations Regarding the "Character, Amount, or Legal Status" of a debt

Plaintiff fifth objects to the M&R's recommendation that the portion of Count 4 brought pursuant to § 1692e(2)(A) be dismissed. Plaintiff reports that he contests his ownership of the account at issue in the ongoing state court debt-collection action. Based on this protestation, plaintiff contends the mere filing of such debt-collection action constituted a false, deceptive, or misleading representation regarding the character, amount, or legal status of the disputed debt.

Section 1692e(2)(A) provides that a debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt . . . [including] [t]he false representation of . . . the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). In both the complaint and objections, plaintiff attempts to rely on the fact he does not own the *account* that is the subject of the state court proceeding. However, plaintiff never alleges he does not owe the $18,110.28 claimed due. Nor does plaintiff deny any relationship with American Express. Thus, plaintiff has failed to state a claim upon which relief can be granted, because he does not allege defendant made any false statement about the debt owed.

> 6. 47 U.S.C. § 227(b)(1)(A)(iii) - Use of an Autodialer

Finally, plaintiff objects to the M&R's recommendation his sole TCPA claim be dismissed. The magistrate judge recommended plaintiff's claim be dismissed because, although plaintiff

15

contends defendant Allen called his cellphone with the use of an ADTS, he provides no facts, other than the presence of "hesitation" on the other end of the line, in support of this contention. Nevertheless, plaintiff contends that the magistrate's analysis was misplaced, because "the [TCPA's] clear language mandates that the focus must be on whether the [alleged ADTS] has the capacity to store or produce telephone numbers called."  (Pl.'s Objections, DE 23, at 5).

47 U.S.C. § 227(b)(1)(A)  prohibits the making of "any call . . . using an automatic telephone dialing system . . . to any telephone number assigned to a paging service, cellular telephone service," and certain radio services, in addition to prohibiting automatically dialed collect calls. 47 U.S.C. § 227(b)(1)(A)(iii).  An "automatic telephone dialing system" means equipment that has the capacity to store telephone numbers and dial such numbers.  Id. §227(a)(1).

Applying plaintiff's own logic,  dismissal is proper.  The complaint does not allege that the purported ADTS employed by defendant Allen has the capacity to store phone numbers.  In any event, plaintiff's argument that the magistrate judge should have focused on what is or is not an ADTS is irrelevant.  The M&R recommends dismissal for failure to comply with the Twombly-Iqbal pleading standard, where plaintiff produced no facts, beyond his own conclusory allegation, tending to show that defendant Allen communicated with him through the use of an ADTS.

## CONCLUSION

Based on the foregoing, upon *de novo* review of the portions of the M&R to which specific objections were raised, and considered review of those portions to which no such objections were made, the court ADOPTS the M&R as its own.  Defendant's motion to dismiss for failure to state a claim is GRANTED.  The clerk is DIRECTED to close this case.

SO ORDERED, this the 17th day of March, 2015.

LOUISE W. FLANAGAN
United States District Judge